469 A.2d 650

**COMMONWEALTH of Pennsylvania**

v.

**Mark James BLOCK, Appellant.**

Superior Court of Pennsylvania.

Argued May 11, 1983.

Filed Nov. 25, 1983.

Reargument Denied Jan. 26, 1984.

David B. Dowling, Harrisburg, for appellant.

John Thomas Robinson, District Attorney, Middleburg, for Commonwealth, appellee.

Before WICKERSHAM, WATKINS and MONTGOMERY, JJ.

342

PER CURIAM:

■ Appellant Mark James Block appeals from the order of the Honorable A. Thomas Wilson which denied appellant's motion to dismiss on double jeopardy grounds.[1] We affirm.

On March 3, 1981, a complaint was filed charging appellant with theft by failure to make required disposition of funds, unauthorized use of a vehicle and misuse of a credit card. Appellant was arraigned on May 6, 1981, and on June 8, 1981, a jury was selected and sworn. Testimony was to begin on August 3, 1981.[2] On July 17, 1981, however, the Commonwealth requested a continuance because of the unavailability of the primary witness. Appellant did not object to the continuance and the case was scheduled for October 5, 1981. At that time, appellant and his attorney appeared and selected a second jury which was sworn and directed to return for testimony on October 8, 1981. Appellant failed to appear on October 8 and a bench warrant was issued. Appellant remained at large for nearly a year until he surrendered himself on September 14, 1982. Thereafter, having obtained new counsel, appellant filed a motion to dismiss, asserting that the selection and swearing of the second jury violated the constitutional prohibition against double jeopardy. Judge Wilson disagreed, denied the motion to dismiss, and ordered the case to trial before the original jury.

■ The underlying purpose of the double jeopardy prohibition is to prevent an accused from being subjected to trial and possible conviction more than once for an alleged offense. *Serfass v. United States*, 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975). Under double jeopardy principles, a criminal defendant has the right not to be subjected to the state's repeated attempts at conviction, *Serfass v.*

1. An order denying such a motion is considered a final order for purposes of appeal. *Commonwealth v. Haefner*, 473 Pa. 154, 373 A.2d 1094 (1977).

2. Appellant's counsel had been appointed only four days prior to jury selection.

*United States, supra,* to expect that a judgment, once made, be final, and to expect that a jury, once selected and sworn, will hear his case. *Crist v. Bretz,* 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978). None of these rights are violated by Judge Wilson's order that appellant be tried by the first jury selected. *Cf., Commonwealth v. Beatty,* 500 Pa. 284, 455 A.2d 1194 (1983). It is illogical, and unnecessary, to grant relief when no harm has been suffered. *See, e.g., Commonwealth v. Vogel,* 501 Pa. 314, 461 A.2d 604 (1983).

■ In addition, it is appropriate in this context to take into consideration the public's "compelling interest in justice for all." *Commonwealth v. Stewart,* 456 Pa. 447, 453, 317 A.2d 616, 619 (1974). An accused's interests may, even under double jeopardy principles, be outweighed by "the competing and equally legitimate demand for public justice." *Illinois v. Somerville,* 410 U.S. 458, 471, 93 S.Ct. 1066, 1074, 35 L.Ed.2d 425, 435 (1973).

■ Appellant argues that the swearing of the second jury caused the first jury to be discharged and that this "discharge" was the equivalent of a *sua sponte* declaration of mistrial.[3] Since there was no manifest necessity for a mistrial, appellant reasons that he must be discharged. We do not believe that the inadvertent selection of the second jury, with the apparent acquiescence of appellant and his attorney,[4] compels us to hold that the Commonwealth is forever precluded from bringing appellant to trial on these charges. Rather, we believe that the selection of the sec-

**3.** On the unusual facts of this case, there appears to be no precedent either for or against appellant's position.

**4.** While it is true that the lack of a *specific* objection will not constitute a waiver of a particular basis for relief under double jeopardy, *Commonwealth v. Bartolomucci,* 468 Pa. 338, 362 A.2d 234 (1976), it has also been held that a defendant cannot sit back and put the Commonwealth to the expense and time of presenting its evidence then later object to the proceeding on double jeopardy grounds. *Commonwealth v. Splain,* 242 Pa.Super. 503, 364 A.2d 384 (1976); see also, *Commonwealth v. Dimming,* 310 Pa.Super. 92, 456 A.2d 198 (1983).

ond jury should be considered a nullity and the case should proceed to trial with the first jury.

The trial court's order denying appellant's motion to dismiss is affirmed and the case is remanded for trial. Jurisdiction is relinquished.

WICKERSHAM, J., files a dissenting opinion.

WICKERSHAM, Judge, dissenting:

Mark James Block, appellant herein, appeals from a court order entered on October 14, 1982, by the Honorable A. Thomas Wilson, President Judge of the Court of Common Pleas of Snyder County. The order in question directed appellant to stand trial on November 11, 1982 with a jury selected on June 8, 1981. Appellant claims that the trial will violate his constitutional right against being twice placed in jeopardy for the same offense as well as his right to a speedy trial. I agree and would reverse and discharge appellant.

On March 3, 1981, a criminal complaint was filed against appellant, charging him with theft by failure to make required disposition of funds, 18 Pa.C.S. § 3927, unauthorized use of a vehicle, 18 Pa.C.S. § 3928, and misuse of a credit card, 18 Pa.C.S. § 4106. Appellant entered a plea of not guilty at his arraignment. On June 8, 1981 appellant, represented by counsel was present for the selection and swearing of his jury. Testimony was scheduled to commence on August 3, 1981, however, the Commonwealth's Petition for a Continuance of Trial was granted and a new date of October 5, 1981 was substituted for testimony to begin.

On October 5, appellant and his attorney were present for the selection and swearing of a second jury. Appellant was then scheduled to appear on October 8, 1981, but failed to do so. Although a bench warrant was issued for his arrest, appellant remained at large until he surrendered to the Snyder County sheriff on September 14, 1982.

While appellant was incarcerated prior to bail being granted he was informed that a third jury would be chosen to hear his case. Subsequently, on September 28, 1982, appellant, through new counsel filed a Motion to Dismiss claiming, *inter alia*, a double jeopardy violation. Soon thereafter a Supplemental Motion to Dismiss was filed, again raising the double jeopardy issue and for the first time a claim of ineffectiveness of counsel was asserted. After a pre-trial hearing Judge Wilson entered an order on October 14, 1982, dismissing appellant's motions and this appeal followed.

This appeal presents the narrow question of whether the constitutional guarantee against twice being put in jeopardy for the same offense is violated when a second jury is sworn to hear a case in which another jury has already been sworn and empaneled but has not been formally discharged. Appellant claims the first jury was discharged without manifest necessity when the second jury was sworn on October 5, 1981.

The Double Jeopardy Clause of the Fifth Amendment, which was made binding upon the states through the Fourteenth Amendment in *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), as well as Article I, Section 10 of the Pennsylvania Constitution provide protection against being twice subjected to jeopardy for the same offense. This protection since *United States v. Perez*, 9 Wheat 579, 6 L.Ed. 165 (1824) has extended to defendants whose trials have neither culminated in a conviction or an acquittal. It has been determined that jeopardy attaches in a criminal trial at the swearing of the jury or the swearing of the first witness in a bench trial. *Crist v. Bretz*, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978); *Downum v. United States*, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963); *Commonwealth v. Carson*, 259 Pa.Super. 183, 393 A.2d 778 (1978).

Here, jeopardy attached on June 8, 1981 when the first jury was sworn regardless of the fact that no testimony was taken at that time. The sole question to be determined

is whether the swearing of another jury on October 5, 1981 without discharge of the first jury violated appellant's constitutional rights.

Generally, double jeopardy protections guard against the state's use of its vast resources and powers to make repeated attempts to convict a defendant thereby increasing the chance that, even though innocent, a conviction will be obtained. *Green v. United States,* 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). More specifically, the reason for attachment of jeopardy to the swearing of the jury "lies in the need to protect the interest of an accused in retaining a chosen jury" *Crist v. Bretz, supra* 437 U.S. at 35, 98 S.Ct. at 2161. The right, although not absolute, to have a trial completed by a particular tribunal is recognized as being within the constitutional protection against double jeopardy.

The Commonwealth correctly states that the principle of Double Jeopardy does not automatically prevent reprosecution of a matter once the right attaches and a second jury is empaneled and sworn. There is no question that there can be a second prosecution after a mistrial has been declared pursuant to a request from the defendant, or with his consent, or where the trial judge *sua sponte* makes a determination that "manifest necessity" requires such a declaration. *United States v. Dinitz,* 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976); *Commonwealth v. Bartolomucci,* 468 Pa. 338, 362 A.2d 234 (1976).

There is no assertion by the Commonwealth that appellant requested the swearing of the second jury on October 5, 1981. Nor can there be a meritorious argument that appellant waived his claim that there was a lack of manifest necessity in swearing the second jury. The failure to object or to make a correct specific objection does not waive a claim that the declaration of a mistrial without manifest necessity was erroneous. *Commonwealth v. Bartolomucci, supra,* 468 Pa. at 347, 362 A.2d at 239.

During a pre-trial hearing concerning the possible selection of a third jury to hear the case Judge Wilson stated:

I must advise you that if you make the selection to be tried by the jury drawn from a different panel, the jury would then be discharged by this court; that is this second jury. *This court will not do it sua sponte, will not do it on its own, and I did not in the previous jury, if you recall. However, the notes of testimony taken on that occasion will bear me out on that....* As your lawyer, I am sure, has already advised you, once a jury has been sworn to hear the case, you are then in a posture where the courts have held that this is a trial whether there is trial that follows or not, and if the jury is discharged without your consent and approval and request, that is the end of the case.

N.T., 10–4–82, at 4–5. (Emphasis added)

The problem in the present appeal is that the notes of testimony do not support this statement. The record is silent on the fate of the first jury and the reasons for selection of the second. All that can be determined is that for some unknown reason a second jury was empaneled and sworn on October 5, 1981, without mention as to the status of the jury sworn on June 8, 1981.

It is undisputed that jeopardy attaches and trial begins when a jury is sworn and empaneled or when the first witness is sworn in a bench trial. *Crist v. Bretz, supra; Commonwealth v. Carson, supra.* It is also well settled that once a jury is sworn the accused has a constitutional right to have his fate determined by that particular tribunal. *Crist v. Bretz, supra.* Appellant's right may only be overcome by an important countervailing interest of proper judicial administration. *Illinois v. Somerville,* 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973). No such important interest has been advanced by the Commonwealth.

When the lower court swore the jury on June 8, 1981 jeopardy attached. The swearing of a second jury on October 5, 1981 caused the first jury to be discharged. The implied discharge was the equivalent of a *sua sponte* declaration of mistrial without manifest necessity; therefore, any future prosecution would violate the appellant's constitutional right against being twice put in jeopardy for the

same offense. The fact that appellant makes no showing of actual prejudice or intention of the Commonwealth to enhance the possibility of a conviction has no bearing on the issue. The Court in *Illinois v. Somerville*, stated: "Nor will the lack of demonstrable additional prejudice preclude the defendant's invocation of the double jeopardy bar . . . ." *Id.* at 471, 93 S.Ct. at 1073.

Appellant's constitutional protection against double jeopardy was violated when the second jury was empaneled and sworn. Therefore the Commonwealth is precluded from initiating any future prosecution in this matter. The order entered on October 14, 1982 directing appellant to stand trial on November 11, 1982 should be reversed and appellant discharged.