686 A.2d 1337

**COMMONWEALTH of Pennsylvania**

v.

**Larry WALLACE, Appellee.**

Superior Court of Pennsylvania.

Argued May 22, 1996.

Filed Dec. 12, 1996.

46

Robert A. Willig, Assistant District Attorney, Pittsburgh, for Commonwealth, appellant.

Christine M. Guthrie, Pittsburgh, for appellee.

Before CIRILLO, DEL SOLE and OLSZEWSKI, JJ.

DEL SOLE, Judge:

This is an appeal by the Commonwealth from a trial court order which found Appellee "Not Guilty" of one count of disorderly conduct "upon complaint's [sic] failure to appear."

Appellee was convicted before a magistrate of disorderly conduct and appealed this conviction to the Court of Common Pleas. A trial *de novo* was scheduled for October 10, 1995 at which time the prosecutor advised the court that Officer Cavanaugh, who was involved in the alleged altercation with Appellee, was unavailable because of a car accident. The prosecutor requested a postponement to have Officer Cavanaugh present and noted that he was a "necessary" witness. The court remarked on the fact that Appellee as well as a number of other witnesses were present and prepared to proceed, denied the Commonwealth's request and declared Appellee "not guilty." The prosecutor stated that the Commonwealth would elect to proceed with the police officer who

48

was in attendance, at which time the following dialogue occurred:

THE COURT: You said that other witness is essential, indispensable.

Ms. Cassidy: This police officer was also there and also made most of the observations. I can probably prove my case without the other guy.

Mr. Patberg: Then it is a misrepresentation to the court that this witness is indispensable. That is what she said— that is what is on the record, that this witness is indispensable and we have to have them. Now they say maybe we don't have to have them. This guy is here and let us go ahead.

Ms. Cassidy: Judge, both police officers were at the scene of this incident. The Commonwealth's case would be a thousand times stronger if we had the other police officer and prove this case beyond a reasonable doubt. In my professional opinion I might be able to prove this case with this sole police officer. I don't know what the court will decide. I have a duty—

THE COURT: What officer?

Ms. Cassidy: This officer right here.

THE COURT: Just a minute now. Which officer filed the citation?

Ms. Cassidy: It was filed by complaint.

The defendant: Officer Cavanaugh.

THE COURT: He is not the officer present.

\* \* \* \* \* \* \* \*

Mr. Patberg: Your Honor, this is a criminal complaint. This started as a resisting arrest. Ninety percent of it was thrown out. It was a summary on a disorderly. That is all we are here for. The representation by the Commonwealth's attorney that this witness is indispensable to their case I think is—

Ms. Cassidy: Judge, it is my decision as a district attorney. If I need two witnesses to proceed forward, then that is my

decision. If I ask the court and I do not have one of them, I have a duty as a district attorney to proceed on the remaining witness that I have. Just because I would prefer to have two witnesses, it is not for the court to decide whether my case is fatal or the defense attorney to say that my case is fatally flawed.

THE COURT: Initially you stated to the court that it was necessary to have this witness present and that we cannot proceed without him.

Ms. Cassidy: That's correct.

THE COURT: All right. So I accepted that.

Ms. Cassidy: My first preference is to have that other witness here who is necessary to the Commonwealth's case. However, my only choice is to proceed—

THE COURT: If he is necessary to the Commonwealth's case then this other officer won't be able to help you.

Ms. Cassidy: He was at the scene also. He saw what happened.

THE COURT: I am going to take your first word on this matter. I'm sorry for this officer who has to leave under the circumstances. I find the defendant not guilty as I first indicated.

Despite the Commonwealth's attempt to proceed, the court once again found Appellee not guilty, without receiving any evidence.

The Commonwealth now takes this appeal in which it asks whether the trial court erred in finding Appellee not guilty without receiving any evidence and whether it was an abuse of discretion for the court to refuse the Commonwealth's request for a continuance. Appellee argues that we cannot consider these matters and must dismiss this appeal because the double jeopardy clause of the Fifth Amendment to the United States Constitution bars his retrial once he has been acquitted.

We cannot accept Appellee's argument that a not-guilty finding entered without the receipt of evidence, and despite the Commonwealth's repeated attempts to bring forth such evidence, implicates double jeopardy.

In instances where a defendant appeals a summary conviction, and the Commonwealth fails to produce a police officer as a witness at the time set for a *de novo* hearing, the appropriate action for the court to take is to dismiss the charges. Reprosecution on charges which have been dismissed due to the failure of prosecution witnesses to appear is not barred by double jeopardy considerations. *Commonwealth v. Adams,* 349 Pa.Super. 200, 502 A.2d 1345 (1986). This is so because in such instances there has been no factual determination of guilt or innocence made by the court. In contrast, where a determination of guilt or innocence is made by the court, it is deciding the strength or relative weakness of the evidence presented. In this case no evidence was heard by the court. Thus, although mislabeled a not-guilty determination, the court, in fact, sought to dismiss the charges for failure of the Commonwealth to produce a witness.

The error which occurred in this case, in mislabeling the disposition, is compounded by the fact that the Commonwealth was ready to present a witness to the court, whose testimony the court refused. As the record shows, the Commonwealth was unable to produce a critical witness, thus it sought a continuance. When it was apparent that the court would not grant a continuance, the Commonwealth was prepared to present its case with another witness who was at the scene. Although its case may not have been as strong with this fall-back witness, it was nevertheless the Commonwealth's choice to go forward. The court's refusal to hear such evidence and its decision based upon the fact that the Commonwealth did not produce a witness, certainly cannot be said to be a ruling on the merits which should implicate double jeopardy concerns.

The underlying purpose of the constitutional prohibition against 'double jeopardy' is to prevent an individual from being subjected to trial and possible conviction more than once for an alleged offense. *Commonwealth v. Block,* 322 Pa.Super. 340, 469 A.2d 650 (1983). The Commonwealth in this case was not given even one chance to convict Appellee.

■ It would be wrong for this court not to look beyond the words "not-guilty" and see that, in this case, such a ruling was erroneously entered. It would be unjust to not examine the circumstances which caused the ruling to be entered and to evaluate the matter for what it is, instead of what it appears to be. The decision by the trial court in this case based upon the Commonwealth's failure to produce a witness, can, at most, be a dismissal, which would allow the charges to be refiled. *Commonwealth v. Adams, supra.* However, even such a decision would have been inappropriate here since the Commonwealth was ready and willing to proceed to trial.

In conclusion, because no trial occurred in this case, jeopardy did not attach. Further it was clearly an abuse of discretion for the court not to allow the Commonwealth to proceed with the presentation of its case, or to allow for a continuance.

The verdict of not guilty is vacated and the matter remanded to the trial court for a trial on the merits.

CIRILLO, J., files a dissenting opinion.

CIRILLO, President Judge Emeritus, dissenting:

Because I believe the double jeopardy clause of the Fifth Amendment to the United States Constitution shields this defendant from an appeal of the trial court's order adjudicating him not guilty, I must respectfully dissent.

Before this court can consider the merits of the Commonwealth's issues, it is our duty to first address appellee Wallace's claim that the verdict of acquittal bars the Commonwealth's right to appeal and terminates any subsequent prosecution under the principles of double jeopardy. The Commonwealth argues, in response, that there is no acquittal or functional equivalent of an acquittal because the trial court, as factfinder, had reached the verdict without hearing any evidence.

"It has long been well-settled that the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution prevents the prosecution from appealing a verdict of acquittal." *Commonwealth v. Maurizio,* 496 Pa. 584, 586,

437 A.2d 1195, 1195–96 (1981). "The [prosecution] may not appeal from a verdict of 'not guilty' entered by the trial court in a criminal prosecution and this is so whether the prosecution be by indictment or by summary proceeding." *Borough of West Chester v. Lal*, 493 Pa. 387, 392, 426 A.2d 603, 605 (1981) (quoting *Commonwealth v. Ray*, 448 Pa. 307, 311, 292 A.2d 410, 413 (1972)). " '[T]he factfinder in a criminal case has been traditionally permitted to enter an unassailable but unreasonable verdict of "not guilty".' " *Commonwealth v. Tillman*, 501 Pa. 395, 397, 461 A.2d 795, 796 (1983) (quoting *Jackson v. Virginia*, 443 U.S. 307, 317 n. 10, 99 S.Ct. 2781, 2788 n. 10, 61 L.Ed.2d 560, 572 n. 10 (1979)). "This rule is such a fundamental precept of double jeopardy jurisprudence that it has been explicitly extended to situations where an acquittal is based upon an "egregiously erroneous foundation." *Borough of West Chester v. Lal, supra*, 493 Pa. at 392, 426 A.2d at 605 (quoting *Sanabria v. United States*, 437 U.S. 54, 64, 98 S.Ct. 2170, 2178, 57 L.Ed.2d 43, 54 (1978)). *See also Fong Foo v. United States*, 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962); *Commonwealth v. Tillman, supra*. As such, "[a] fact-finder's verdict of not guilty is accorded absolute finality. It is completely insulated from appellate review." *Commonwealth, Department of Transportation v. Springbrook Transport, Inc.*, 390 Pa.Super. 308, 311, 568 A.2d 667, 669 (1990) (citations omitted).

*Commonwealth v. Walczak*, 440 Pa.Super. 339, 344–48, 655 A.2d 592, 595–96 (1995).[1] "[T]he law attaches particular significance to an acquittal ... however mistaken the acquittal may have been." *United States v. Scott*, 437 U.S. 82, 91, 98 S.Ct. 2187, 2194, 57 L.Ed.2d 65 (1978)(quoting *Green v. United States*, 355 U.S. 184, 188, 78 S.Ct. 221, 223–24, 2 L.Ed.2d 199 (1957)). *See also Tibbs v. Florida*, 457 U.S. 31, 41, 102 S.Ct. 2211, 2218, 72 L.Ed.2d 652 (1982)("A verdict of not guilty,

---

1. The double jeopardy clause of the United States Constitution is applicable to the states under the Fourteenth Amendment, and affords protection co-extensive to that provided by Article I § 10 of the Pennsylvania Constitution. *Commonwealth v. Zoller*, 507 Pa. 344, 348 n. 1, 490 A.2d 394, 396 n. 1 (1985).

whether rendered by the jury or directed by the trial judge, absolutely shields the defendant from retrial.").

This sanctification of the factfinder's verdict, and the finality of the judgment in a criminal case, evolved from the common law pleas of *autrefois acquit, autrefois convict,* and pardon. *Zoller, supra.* The rationale underlying acceptance of these pleas as a defense was that

> the state with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent, he may be found guilty.

*Id.,* 507 Pa. at 351, 490 A.2d at 397 (quoting *Green v. United States,* 355 U.S. 184, 187–88, 78 S.Ct. 221, 223–24, 2 L.Ed.2d 199 (1957)). Guided by this standard, judicial review of a trial court's judgment would offend double jeopardy if the appeal would subject the defendant to a second trial. *Zoller,* 507 Pa. at 351–53, 490 A.2d at 398.

In the case presently before us, the following order was entered on the docket:

> 10–OCT–1995 Order of court dated 10/10/95. The *defendant is adjudged not guilty of the offense of VC 5503(A)* wherewith he/she stands charges upon the complainant's failure to appear. Restitution of any fine paid is awarded but does not include the costs for filing of the appeal. Scheib, J.

The trial court entered a proper order for disposing of a case at a trial *de novo.*[2] The order indicates an adjudication of the

---

2. In an appeal from a judgment of sentence entered by a district justice on a summary conviction, the court of common pleas, at the trial *de novo*, must determine the facts and enter a judgment on the record "as would be warranted under the law and evidence." *Commonwealth v. Gamarino,* 299 Pa.Super. 144, 144–46, 445 A.2d 189, 190 (1982) (citation omitted). The judgment should be "guilty" or "not guilty;" a judgment affirming the justice of the peace, or either dismissing or affirming the appeal, is insufficient and would require reversal or

defendant's culpability, *Commonwealth v. Toner,* 444 Pa.Super. 30, 663 A.2d 202 (1995), in this case, in defendant's favor. The trial court's verdict of acquittal is final and insulated from appellate review, no matter how erroneous its decision may have been. *Tillman, supra; Borough of West Chester v. Lal, supra; Commonwealth, D.O.T. v. Springbrook, supra.*

I recognize that the courts in Pennsylvania have established exceptions to the general rule that a verdict of acquittal bars appellate review and subsequent prosecution. Whether action taken by the trial court constitutes an acquittal for double jeopardy purposes may, under limited circumstances, be reviewed by this court where an erroneous verdict of not guilty was entered. *See Commonwealth v. Adams,* 349 Pa.Super. 200, 502 A.2d 1345 (1986)(dismissal of charges based on failure of Commonwealth's witnesses to appear in timely fashion is not the functional equivalent of an acquittal since there has been no factual determination of guilt or innocence); *Commonwealth v. Dincel,* 311 Pa.Super. 470, 457 A.2d 1278 (1983)(common pleas court reviewing record on appeal by writ of certiorari, rather than sitting as factfinder at a trial *de novo* appeal, was not empowered to enter verdict of not guilty). It is also well-settled that "the form of the [trial] judge's action is not controlling ... we must determine whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged." *Commonwealth v. McDonough,* 533 Pa. 283, 290, 621 A.2d 569, 573 (1993) (citations omitted).

Neither the cases cited by the parties nor any cases disclosed by independent research, provide authority for this court's review of the trial court's actions to determine whether an acquittal exists. Such review is not proper where the trial court "finds" the defendant not guilty on its own initiative in circumstances such as those exhibited here. Appellate review of an order of acquittal has been found not to offend double jeopardy only where the defendant himself *actively seeks* to avoid a trial prior to its conclusion. *Zoller,* 507 Pa. at 353–55,

remand for entry of a proper verdict. *Toner,* 444 Pa.Super. at 34–35, 663 A.2d at 204.

490 A.2d at 399 (emphasis added). In such a case, the defendant is deemed to make "a deliberate election on his part to forgo his valued right to have his guilt or innocence determined before the first trier of fact," and any barrier to reprosecution is removed. *Id.*, 507 Pa. at 353–55, 490 A.2d at 399 (quoting *Scott*, 437 U.S. at 93, 98 S.Ct. at 2195). *See also Adams, supra* (if the defendant deliberately seeks dismissal of proceedings on a basis unrelated to factual guilt or innocence, the dismissal on defendant's motion does not prevent a government appeal or retrial).

Instantly, the trial court's *sua sponte* determination was made solely in response to the Commonwealth's implication that it was unable to proceed due to the unavailability of its necessary witness. Mindful that "[t]he important consideration, for purposes of the Double Jeopardy Clause, is that the defendant retain primary control over the course to be followed in the event" of trial court error, *United States v. Dinitz*, 424 U.S. 600, 609, 96 S.Ct. 1075, 1080, 47 L.Ed.2d 267 (1976); *Zoller, supra; Scott, supra,* I find no deliberate action by Wallace which would remove the barrier to reprosecution. *Zoller, supra.*

I am also aware that there can be no viable double jeopardy claim unless the defendant has already been once placed in jeopardy, which in a non-jury case occurs "when the accused has been subjected to a charge and the court has begun to hear evidence." *Commonwealth v. Dasilva*, 440 Pa.Super. 291, 297, 655 A.2d 568, 571 (1995) (quoting *Commonwealth v. Smith*, 232 Pa.Super. 546, 548–49, 334 A.2d 741, 742 (1975)).[3] However, "technically 'jeopardy' under the Double Jeopardy Clause entails the 'potential or risk of trial and conviction, not punishment.' " *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 310, 104 S.Ct. 1805, 1814, 80 L.Ed.2d 311 (1984) (quoting *Price v. Georgia*, 398 U.S. 323, 329, 90 S.Ct. 1757, 1761, 26 L.Ed.2d 300 (1970)).

In *Commonwealth v. Jung*, 366 Pa.Super. 438, 531 A.2d 498 (1987), this court quashed the Commonwealth's appeal and

---

**3.** It is noteworthy that the Commonwealth does not claim that jeopardy did not attach in this case.

rejected its argument that there was not a trial for double jeopardy purposes because no witnesses had testified at the time the appellant was found not guilty. The *Jung* court concluded that the hearing ·of evidence had started when the prosecution made an offer of proof of its witness' testimony and argued thereon.

In the instant case, there is no question that Wallace was subjected to the charge. The record further reveals that the Commonwealth, instead of presenting evidence from another officer who had witnessed the event in question and was present in the courtroom, represented to the court that a postponement was required because its "necessary" witness was unavailable. The Commonwealth's representation implied to the court that it had no evidence to present without this officer's testimony, whereupon the court acknowledged the witnesses present for the defense and found Wallace not guilty.

As the dialogue cited by the majority indicates, the Commonwealth offered the testimony of the second officer. The prosecutor continued to assert in argument to the court, however, that the absent officer was necessary to prove its case against Wallace. Judge Scheib decided the issue, ruled against admitting the offered testimony, and reaffirmed the court's earlier decision finding Wallace not guilty. This directly involved the determination of guilt and established that the defendant was "put to trial before a trier of fact." *Jung*, 366 Pa.Super. at 446, 531 A.2d at 502. Thus, the trial court's judgment of acquittal is final and initial jeopardy had attached. *See Justices of Boston Municipal Court v. Lydon*, 466 U.S. at 308, 104 S.Ct. at 1814.

Further, in its opinion, the trial court states that "[b]ased on our understanding of the record as it existed on that day[, w]e concluded that the case could not proceed without Officer Cavanaugh's crucial testimony. Ergo, *we found the Defendant not guilty* by our Order dated 10 October 1995." [4] This clearly reflects the trial.court's *intention* to resolve the factual

---

**4.** The trial court opinion was authored and filed by the Honorable Robert A. Doyle, rather than Judge Scheib.

elements of the offense charged and, thus, results in appellant's acquittal of the disorderly conduct charge. *Cf. McDonough,* 533 Pa. at 289–90, 621 A.2d at 573 (where trial court did not intend to resolve factual issues there is no resulting acquittal).

I must conclude that this court does not have the authority to entertain the Commonwealth's appeal. Regardless of whether the court egregiously erred in entering the verdict of "not guilty," the defendant is absolutely shielded from further retrial, *Tibbs, supra,* and review of the Commonwealth's claims is precluded. *Commonwealth, D.O.T v. Springbrook Transport,* 390 Pa.Super. at 315, 568 A.2d at 671; *Borough of West Chester v. Lal, supra.* Accordingly, I would quash this appeal.