**COMMONWEALTH of Pennsylvania,**
**Appellant**

v.

**Nathaniel BOWLES, Jr., Appellee.**

**Commonwealth of Pennsylvania,**
**Appellant**

v.

**Melissa Cox, Appellee.**

Superior Court of Pennsylvania.

Submitted Jan. 2, 2007.
Filed March 27, 2007.

William J. Higgins, Jr., Assistant District Attorney, Bedford, for Com., appellant.

Nathaniel Bowles, Jr., appellee, pro se.

Melissa Cox, appellee, pro se.

BEFORE: FORD ELLIOTT, P.J., STEVENS, and TAMILIA, JJ.

OPINION BY STEVENS, J.:

¶ 1 The Commonwealth appeals from verdicts of not guilty entered by the Court

of Common Pleas of Bedford County on March 31, 2006, following the Commonwealth's failure to appear and prosecute the summary appeals of Nathaniel Bowles, Jr. and Melissa Cox. We vacate the verdicts and remand for proceedings consistent with this decision.

¶ 2 Mr. Bowles and Ms. Cox were scheduled for separate trials *de novo* on traffic citations before the Honorable Daniel L. Howsare on March 31, 2006, at 1:30 P.M. Assistant District Attorney Travis Livengood, the only prosecutor available, was assigned to handle these matters;[1] however, he also was assigned to handle a juvenile adjudication hearing before the Honorable Thomas S. Ling, which was scheduled for 9:00 A.M. on the same date. The Commonwealth asserts that, on the day in question, the following transpired:

> Judge Howsare sent a message to Judge Ling's Courtroom that Mr. Livengood [ ] and the Chief Public Defender Brad Bingaman were expected to be in his Courtroom by 2:00 p.m. Judge Ling indicated that the two attorneys informed Judge Howsare's chamber that Attorney Livengood were being attached, and would not be arriving in Judge Howsare's Courtroom until the completion of the Juvenile proceeding.

Brief of Commonwealth at 5 (citations to record omitted).

¶ 3 At approximately 2:30 P.M., Judge Howsare took the bench, summoned Mr. Bowles and Ms. Cox, who were present in the courtroom, and stated:

**1.** The Commonwealth explains that:

The Bedford County District Attorney's Office employs only three (3) prosecutors: District Attorney William J. Higgins, Jr., First Assistant District Attorney Brandi Hershey[,] who is a full[-]time prosecutor, and Travis Livengood[,] who is employed as a part-time prosecutor. On the date of

these Hearings, District Attorney Higgins was in Harrisburg in his capacity as Chair of the Pennsylvania Bar Association Young Lawyers Division Statewide High School Mock Trial Competition, a law related education initiative. First Assistant District Attorney was on a scheduled vacation day.
Brief of Commonwealth at 5 n. 1.

Now in both of these cases I've waited now an hour. No one has appeared from the District Attorney's Office to prosecute the cases. I understand that Mr. Livengood is up in Judge Ling's courtroom. Apparently, he's going to be there awhile. As I indicated before[,] neither the District Attorney or [sic] the other assistant are [sic] here. And I'm not going to sit and wait any longer or hold these people any longer. Since there's nobody to prosecute I'm going to enter verdicts of not guilty in both cases.

N.T. 3/31/06 at 2.

¶ 4 Following the court's March 31, 2006 directive effectuating this result, the Commonwealth filed the present appeals contending that the court abused its discretion in entering verdict of not guilty in both cases.[2] We agree.

¶ 5 In addressing these matters, we find guidance in Pa.R.Crim.P. 462, which deals with appeals taken after the entry of a guilty plea or a conviction in a summary proceeding. Rule 462 provides, in pertinent part, that "the case shall be heard *de novo* by the judge of the court of common pleas sitting without a jury[,]" at which time, "[t]he attorney for the Commonwealth **may** appear and assume charge of the prosecution." Pa.R.Crim.P. 462(A), (B) (emphasis added). In addition, the Comment to Rule 462 does not speak of entering a finding of not guilty in a situation when counsel for the Commonwealth does not appear at such trial, but rather, states that:

[T]he decision whether to appear and assume control of the prosecution of the trial *de novo* is solely within the discretion of the attorney for the Commonwealth. When no attorney appears at the trial *de novo* on behalf of the Commonwealth or a municipality, the trial judge may ask questions of any witness who testifies, and the affiant may request the trial judge to ask specific questions. In the appropriate circumstances, the trial judge may also permit the affiant to question Commonwealth witnesses, cross-examine defense witnesses, and make recommendations about the case to the trial judge.

Pa.R.Crim.P. 462 cmt.[3]

¶ 6 Herein, we find that the trial court erroneously entered verdicts of not guilty in both cases. Consequently, we vacate the verdicts and remand the matters to the trial court for trial on the merits. *Cf. Commonwealth v. Wallace*, 455 Pa.Super. 45, 686 A.2d 1337 (1996) (finding that the trial court erred in finding the appellee not guilty when a key prosecution witness, a police officer, was unavailable to appear at a trial *de novo* ).

¶ 7 Verdicts Vacated; Matters Remanded to the Trial Court.

2. Pursuant to the court's order to do so, the Commonwealth filed a concise statement of matters complained of on appeal in both cases, to which the court issued an opinion pursuant to Pa.R.A.P.1925(a).

3. We note that the trial court stated that the Pennsylvania State Police officers involved in the cases at issue were present in court at the time set for the trials *de novo*. *See* Trial Court Opinions filed 5/26/06 at 1.