**COMMONWEALTH of Pennsylvania,**
**Appellant**

**v.**

**Robert MARTIN, Appellee.**

Superior Court of Pennsylvania.

Argued April 9, 2014.

Filed July 23, 2014.

Anthony V. Pomeranz, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Joseph K. Kelly, Philadelphia, for appellee.

BEFORE: SHOGAN, J., STABILE, J., and PLATT, J.*

OPINION BY PLATT, J.:

The Commonwealth appeals from the common pleas court's order affirming the municipal court's verdict finding Appellee, Robert Martin, not guilty of the charge of driving under the influence (DUI)[1] on the basis that the Commonwealth had not presented any evidence. We reverse.

On January 4, 2013, the parties appeared before the municipal court for a bench trial concerning the above DUI charge. After the court crier's announcement of the case, Appellee waived arraignment and the Commonwealth requested a continuance because it needed a particular witness in order to proceed. The municipal court denied the continuance request.

Defense counsel inquired whether the Commonwealth's other witnesses were present and the Commonwealth discovered that they had left without permission. The municipal court refused the Commonwealth's second continuance request and asked whether it wanted to withdraw the case. The Commonwealth immediately moved for withdrawal over Appellee's objection. After initially agreeing that the Commonwealth's motion was appropriate, the municipal court instead declared Appellee not guilty.

On February 4, 2013, the Commonwealth appealed the decision to the court of common pleas. On April 24, 2013, the common pleas court affirmed the municipal court verdict on the basis of double jeopardy. On May 22, 2013, the Commonwealth timely appealed and filed a Rule 1925(b) statement. See Pa.R.A.P.1925(b).[2]

The Commonwealth raises one question for our review: "Did the [common pleas] court, sitting as an appellate court, erroneously affirm the [m]unicipal [c]ourt order finding [Appellee] 'not guilty' prior to a non-jury trial where testimony had not begun and jeopardy had not attached?" (Commonwealth's Brief, at 1).

It is well-settled that "[a]n appeal grounded in double jeopardy raises a question of constitutional law. This [C]ourt's scope of review in making a determination on a question of law is, as always, plenary. As with all questions of law, the appellate standard of review is *de novo* ...." *Commonwealth v. Vargas*, 947 A.2d 777, 780 (Pa.Super.2008) (citations and quotation marks omitted).

In this case, the Commonwealth argues that the common pleas court's "denial of

---

* Retired Senior Judge assigned to the Superior Court.

1. 75 Pa.C.S.A. § 3802(a)(1).

2. The common pleas court filed a Rule 1925(a) opinion on July 31, 2013. *See* Pa. R.A.P.1925(a).

[its] appeal was an error of law [because a] non-jury trial is not initiated, and a defendant is not placed in jeopardy, until the court begins to hear evidence." (Commonwealth's Brief, at 8). We agree.

 It is well-settled that:

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution protects an individual against successive punishments and successive prosecutions for the same criminal offense. [A]t the heart of double jeopardy jurisprudence is the requirement that an individual demonstrate ... he ... has been subjected to the risk of a trial on the merits.

In Pennsylvania, jeopardy does not attach and the constitutional prohibition against double jeopardy has no application until a defendant stands before a tribunal where guilt or innocence will be determined.... In a bench trial, ... jeopardy attaches when the trial court begins to hear the evidence.

*Vargas, supra* at 780 (citations and quotation marks omitted).

We also find the case of *Commonwealth v. Wallace,* 455 Pa.Super. 45, 686 A.2d 1337 (1996), instructive.

In *Wallace,* the parties appeared before the common pleas court for a *de novo* hearing on the charge of disorderly conduct for which the appellant previously had been found guilty in the magistrate court. *See Wallace, supra* at 1338. At the start of the common pleas court proceeding, the Commonwealth advised that it required a continuance due to the complaining police officer's unavailability. The court denied the continuance request and declared the defendant not guilty. *See id.* The Commonwealth advised the court that it would proceed with a less compelling officer who had been at the scene of the underlying crime, but the court repeated

that the defendant was not guilty due to the Commonwealth's failure to produce evidence. *See id.* at 1339. A panel of this Court observed:

... [Where] the Commonwealth fails to produce a police officer as a witness at the time set for a *de novo* hearing, the appropriate action for the court to take is to dismiss the charges. Reprosecution on charges which have been dismissed due to the failure of prosecution witnesses to appear is not barred by double jeopardy considerations. This is so because in such instances there has been no factual determination of guilt or innocence made by the court. In contrast, where a determination of guilt or innocence is made by the court, it is deciding the strength or relative weakness of the evidence presented. In this case no evidence was heard by the court. Thus, although mislabeled a not-guilty determination, the court, in fact, sought to dismiss the charges for failure of the Commonwealth to produce a witness.

... As the record shows, the Commonwealth was unable to produce a critical witness, thus it sought a continuance.... The court's ... decision based upon the fact that the Commonwealth did not produce a witness, certainly cannot be said to be a ruling on the merits which should implicate double jeopardy concerns.

\* \* \*

It would be wrong for this [C]ourt not to look beyond the words "not-guilty" and see that, in this case, such a ruling was erroneously entered. It would be unjust to not examine the circumstances which caused the ruling to be entered and to evaluate the matter for what it is, instead of what it appears to be. The decision by the trial court in this case based upon the Commonwealth's failure to produce a witness, can, at most, be a

dismissal, which would allow the charges to be refiled.

*Id.* at 1339–40 (citation omitted).

 Similarly, in this case, in order to procure a necessary witness, the Commonwealth moved for a continuance immediately after the court crier called the case, and again upon discovery that other witnesses had left without permission. (*See* N.T. Trial, 1/04/13, at 3–4, 5). The municipal court denied both requests. (*See id.* at 3–4, 6). After the municipal court agreed that the withdrawal of the charges would be appropriate, it instead found Appellee not guilty. (*See id.* at 6, 10, 11). We are constrained to conclude that this was error.

Jeopardy does not attach until the court begins to hear evidence and therefore, where the municipal court did not hear any evidence, its not guilty verdict "certainly cannot be said to be a ruling on the merits which should implicate double jeopardy concerns." *Wallace, supra* at 1140. We also note that the proper action by the municipal court would have been to allow the Commonwealth to withdraw the charges or to dismiss them itself, not to

find Appellee not guilty. *See id.* at 1139–40. Hence, we conclude that the court of common pleas erred in affirming the municipal court's decision. *See Vargas, supra* at 780; *Wallace, supra* at 1140.[3]

Order reversed and case remanded. Jurisdiction relinquished.

---

**3.** Additionally, the common pleas court's reliance on *Commonwealth v. Jung,* 366 Pa.Super. 438, 531 A.2d 498 (1987), is unpersuasive. (*See* Common Pleas Court Opinion, 7/31/13, at 6–7; *see also* Appellee's Brief, at 10–11).

In *Jung,* this Court held that "even though the proceeding itself was brief and no witnesses actually testified," double jeopardy barred re-trial where "the Commonwealth stated on the record the charge against appellee," called its first witness and "[a]n offer of proof as to the witness' testimony was requested and given." *Jung, supra* at 500–01. Here, the Commonwealth neither stated the charges against Appellee on the record, nor did it call its first witness or provide an offer of proof. (*See* N.T. Hearing, 1/04/13, at 3–13). Therefore the holding of *Jung* is not persuasive.

We also are cognizant that the court relies on *Commonwealth v. Mitchell,* 497 Pa. 14,

438 A.2d 596 (1981), in which the Pennsylvania Supreme Court concluded that double jeopardy attached where a case had been called for trial and calls for the Commonwealth's witnesses went unanswered. *See Mitchell, supra* at 596–98; (Common Pleas Ct. Op., at 5–6). However, the jurisprudence of both this Court and the United States Supreme Court supports the conclusion that, "in a bench trial, ... jeopardy attaches when the trial court begins to hear the evidence." *Vargas, supra* at 780 (citations and quotation marks omitted); *see also Serfass v. United States,* 420 U.S. 377, 388, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975); *Commonwealth v. Ortega,* 995 A.2d 879, 887 (Pa.Super.2010), *appeal denied,* 610 Pa. 607, 20 A.3d 1211 (2011); *Commonwealth v. Micklos,* 448 Pa.Super. 560, 672 A.2d 796, 799 (1996) (*en banc*), *appeal denied,* 546 Pa. 678, 686 A.2d 1309 (1996).