J-A01027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CHRISTOPHER COURTLEY, | |
| Appellee | No. 1218 WDA 2016 |

Appeal from the Order Entered July 20, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-SA-0001154-2016

BEFORE: BOWES, OLSON and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.: **FILED MARCH 13, 2017**

The Commonwealth of Pennsylvania appeals from the order entered on July 20, 2016 which vacated an order dismissing Christopher Courtley's ("Courtley's") summary appeal and purported to find him not guilty of the offense charged. We vacate and remand for further proceedings consistent with this memorandum.

The factual background and procedural history of this case are as follows. On March 5, 2016, Courtley parked illegally on Fifth Avenue in downtown Pittsburgh. He received a parking citation for violating 75 Pa.C.S.A. § 3353(a)(1)(x). On June 7, 2016, a magisterial district judge found Courtley guilty and imposed a fine of $50.00. Courtley appealed to the Court of Common Pleas of Allegheny County and a trial *de novo* was scheduled for July 13, 2016. Courtley failed to appear on that date and the

---

* Retired Senior Judge assigned to the Superior Court

trial court dismissed the appeal and entered judgment against him. ***See*** Pa.R.Crim.P. 462(D).

On July 20, 2016, Courtley appeared while the trial court was hearing other summary appeals. Courtley briefly explained why he failed to appear the previous week, stating that he overslept on his appointed court date because of a late night work delivery assignment. Over the Commonwealth's objection, the trial court vacated the July 13, 2016 order dismissing Courtley's appeal and purported to find Courtley not guilty of the parking violation. This timely appeal followed.[1]

The Commonwealth presents one issue for our review:

Whether the trial court erred in entering a "[not guilty]" verdict in response to [Courtley's] oral motion to reconsider the prior dismissal of his summary appeal and entry of judgment on the judgment of the issuing authority which occurred after [Courtley] failed to appear for his trial *de novo*?

Commonwealth's Brief at 4.

Preliminarily, we consider whether we have jurisdiction over this appeal. ***See Commonwealth v. Demora***, 149 A.3d 330, 331 (Pa. Super. 2016) (citation omitted) ("We may raise the issue of jurisdiction *sua sponte*."). We address this issue since the Commonwealth's appeal in this

---

[1] On August 25, 2016, the trial court ordered the Commonwealth to file a concise statement of errors complained of on appeal ("concise statement"). ***See*** Pa.R.A.P. 1925(b). On August 31, 2016, the Commonwealth filed its concise statement. On September 16, 2016, the trial court issued its Rule 1925(a) opinion. The Commonwealth's lone issue raised on appeal was included in its concise statement.

case challenges an order that, among other things, acquitted Courtley of a summary traffic offense. In general, a factfinder's verdict of not guilty is deemed "absolutely final" and not subject to appellate review. *Commonwealth v. Martorano*, 634 A.2d 1063, 1069 (Pa. 1993) (*per curiam*) (citation omitted). As this Court has explained:

> It has long been well-settled that the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution[, as incorporated by the Fourteenth Amendment,] prevents the prosecution from appealing a verdict of acquittal. The prosecution may not appeal from a verdict of not guilty entered by the trial court in a criminal prosecution and this is so whether the prosecution be by indictment or by summary proceeding. The fact-finder in a criminal case has been traditionally permitted to enter an unassailable but unreasonable verdict of not guilty. This rule is such a fundamental precept of double jeopardy jurisprudence that it has been explicitly extended to situations where an acquittal is based upon an egregiously erroneous foundation. As such, a fact-finder's verdict of not guilty is accorded absolute finality. It is completely insulated from appellate review.

*Commonwealth v. Walczak*, 655 A.2d 592, 595–496 (Pa. Super. 1995) (internal quotation marks, alterations, and citations omitted). Therefore, if jeopardy attached during the proceedings before the trial court, we lack jurisdiction to hear this appeal. *Cf. Martinez v. Illinois*, 134 S.Ct. 2070, 2075-2076 (2014) (If jeopardy attaches, and the defendant is acquitted, the prosecution may not appeal that determination). If, however, jeopardy did not attach, we have jurisdiction over this appeal.

We consider two possibilities for why jeopardy did not attach. First, if the trial court lacked subject matter jurisdiction to vacate its July 13 order,

then the finding of not guilty was a legal nullity and jeopardy did not attach. *See Commonwealth v. Stark*, 584 A.2d 289, 291 n.4 (Pa. 1990). In this case, we conclude that the trial court had jurisdiction to vacate its July 13 order.

Pennsylvania Rule of Criminal Procedure 720(D) provides that, "There shall be no post-sentence motion in summary case appeals following a trial *de novo* in the court of common pleas. The imposition of sentence immediately following a determination of guilt at the conclusion of the trial *de novo* shall constitute a final order for purposes of appeal." Pa.R.Crim.P. 720(D). Nonetheless, the comment to Rule 720 states that, "Although there are no post-sentence motions in summary appeals following the trial *de novo* pursuant to paragraph (D), nothing in this rule is intended to preclude the trial judge from acting on a defendant's petition for reconsideration." Pa.R.Crim.P. 720 cmt., *citing* 42 Pa.C.S.A. § 5505. In this case, the trial court's July 20 order was entered within 30 days of its July 13 order. Accordingly, the trial court had jurisdiction under section 5505 to vacate its July 13 order.

Having determined that the trial court had jurisdiction to enter its July 20 order, we consider whether jeopardy attached in the traditional sense. "In a bench trial, jeopardy attaches when the trial court begins to hear the evidence." *Commonwealth v. Martin*, 97 A.3d 363, 365 (Pa. Super. 2014) (ellipsis and citation omitted). In this case, the trial court did not begin to

hear evidence. Specifically, Courtley was not administered an oath prior to explaining the circumstances surrounding his absence from the July 13 trial *de novo* and the parking ticket. **See** N.T., 7/20/16, at 2. Pennsylvania Rule of Evidence 603 provides that, "Before testifying, a witness must give an oath or affirmation to testify truthfully. It must be in a form designed to impress that duty on the witness['] conscience." Pa.R.Evid. 603. "The lack of an oath means that there was no testimony." **Tecce v. Hally**, 106 A.3d 728, 731 (Pa. Super. 2014), *appeal denied*, 125 A.3d 778 (Pa. 2015). Therefore, Courtley's "'testimony' was a nullity." **Id.** As the trial court did not begin to hear any evidence, jeopardy did not attach and we have jurisdiction over this appeal. **See Commonwealth v. Wallace**, 686 A.2d 1337, 1340 (Pa. Super. 1996) (finding that jeopardy did not attach because the trial court did not receive any evidence).

We next turn to the merits of the Commonwealth's lone issue on appeal. The Commonwealth argues that the trial court erred by vacating its July 13 order without finding that Courtley was absent from the July 13 trial *de novo* with cause. As this Court has stated:

> The Comment to Rule 462 explains that paragraph (D) makes it clear that the trial judge may dismiss a summary case appeal when the judge determines that the defendant is absent without cause from the trial *de novo.* Therefore, before a summary appeal may be dismissed for failure to appear, the trial court must ascertain whether the absentee defendant had adequate cause for his absence. In the event that good cause is established, the defendant is entitled to a new summary trial.

*Commonwealth v. Dixon*, 66 A.3d 794, 796 (Pa. Super. 2013) (internal alteration, quotation mark, and citations omitted).

In its Rule 1925(a) opinion, the trial court contends that it found that Courtley "showed cause for not appearing at the prior hearing."  Trial Court Opinion, 9/16/16, at 1.  The transcript, however, belies that assertion.  After Courtley explained his reasons for missing the July 13 trial *de novo*, the trial court did not make a determination that Courtley had shown cause for missing the trial *de novo*.  **See** N.T., 7/20/16, at 2.  As no such determination was made, we conclude that the trial court erred by vacating its July 13 order.  We remand for a hearing to determine if Courtley had cause for missing the July 13 trial *de novo*.[2]  If the trial court determines that Courtley showed cause, it should vacate its July 13 order and schedule a new trial *de novo* for some future date.  **See Commonwealth v. Marizzaldi**, 814 A.2d 249, 252 (Pa. Super. 2002).

Although we conclude that the trial court erred by vacating its July 13 order, we admonish the Commonwealth for its conduct in this appeal.  In its

---

[2] We note that oversleeping is not sufficient cause to warrant vacatur of the July 13 order.  **See Dixon**, 66 A.3d at 798 (cause requires a showing "that the circumstances causing [the defendant's] absence were beyond his control").  The Commonwealth, however, only requests a remand for an evidentiary hearing in its prayer for relief.  **See**  Commonwealth's Brief at 20.  As such, we decline to grant the Commonwealth more relief than it seeks by reversing the July 20 order.

brief, the Commonwealth twice shouts[3] that, "**NO TESTIMONY WAS TAKEN ON ANY ISSUE!!**"  Commonwealth's Brief at 8 (emphasis in original); *id.* at 15 (same).  Moreover, in its brief, and at oral argument, the Commonwealth attacked the trial court's integrity and implied that the trial court acted corruptly in this case.  *See id.* ("The Allegheny County Court of Common Pleas, Summary Appeals Branch has a history of corruption."). Commonwealth's Brief at 15.[4]  The Commonwealth, however, failed to demonstrate "a reasonable basis for believing the statements were true." *Office of Disciplinary Counsel v. Surrick*, 749 A.2d 441, 444 (Pa. 2000). We expressly hold that there is no evidence of corruption by the trial court and are confident the trial court can properly dispose of this case on remand.

Order vacated.  Case remanded.  Jurisdiction relinquished.

---

[3] "There's one convention that is incontestable: Typing in all caps is Internet code for shouting, and it is rude."  Alice Robb, *How Capital Letters Became Interent Code for Yelling*, New Republic, Apr. 17, 2014, goo.gl/HzoRqW (last accessed Feb. 18, 2017).

[4] The Commonwealth later equivocates on this implication.  *See* Commonwealth's Brief at 17.  After the equivocation, however, the Commonwealth once again strongly implies that the trial court acted corruptly.  *See id.* at 18-19.

J-A01027-17

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  3/13/2017