J-S22007-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHANNA BRIDGET FISHER | : | |
| | : | |
| Appellant | : | No. 265 MDA 2021 |

Appeal from the Judgment of Sentence Entered January 25, 2021
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0002685-2019

BEFORE:   PANELLA, P.J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED: SEPTEMBER 24, 2021**

Johanna Bridget Fisher brings this appeal from the judgment of sentence entered in the Court of Common Pleas of Lancaster County on January 25, 2021. We affirm.

Fisher was charged with a misdemeanor and summary offense stemming from her operating a vehicle while under the influence of a controlled substance on March 10, 2019.[1] At the conclusion of a jury trial on

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The information charges Fisher with "DUI: Controlled Substance – Impaired Ability – 2nd Offense," as first-degree misdemeanor as codified at 75 Pa.C.S.A. § 3802(D)(2).  In the second count, Fisher was charged with the summary offense of "Improper Turn (Green Light)" pursuant to 75 Pa.C.S.A. § 3112(a)(1)(i).  However, we observe that the information contains a clerical error in that the notation of "Improper Turn" is incorrect because the pertinent
*(Footnote Continued Next Page)*

October 7, 2021, Fisher was convicted of driving under the influence of a controlled substance. The trial court did not render a verdict on the summary offense at that time. Rather, the trial court directed that a presentence investigative report be compiled prior to sentencing. Defense counsel requested that the investigation include drug and alcohol and mental health evaluations.

On January 25, 2021, the trial court sentenced Fisher to a term of incarceration of three to twenty-three months, followed by three years of probation, and a $1,500.00 fine for the DUI conviction. Immediately after imposing the sentence, the trial court announced a verdict of guilty for the outstanding summary offense charge, and sentenced Fisher to pay a $25.00 fine. This timely appeal followed.

Fisher argues that her summary offense conviction was improper because the verdict was rendered after she was convicted and sentenced for the DUI charge. Fisher posits that because she was convicted and sentenced for the DUI conviction, the prosecution ended, and the trial court essentially engaged in a second prosecution when it rendered its guilty verdict on the summary offense and imposed a sentence.

---

statute is titled: "Traffic control signals," and the relevant subsection bears the heading: "Green indication." Here, it is clear Fisher was convicted of driving through a red light. **See** N.T., 10/6/20, at 75.

Because the issue presents a question of law, our scope of review is plenary, and our standard of review is *de novo*. **See Commonwealth v. Perfetto**, 207 A.3d 812, 821 (Pa. 2019) (citation omitted). Section 110 of the Crimes Code bars a second prosecution based upon the same conduct or arising from the same criminal episode as a prior prosecution, but under a different statute. 18 Pa.C.S.A. § 110. Section 110(1)(ii), often referred to as the "compulsory joinder rule," requires that all known charges based upon the same conduct or arising from the same criminal episode be consolidated for trial unless the court orders separate trials. **See Commonwealth v. Fithian**, 961 A.2d 66, 71 (Pa. 2008). The compulsory joinder rule "is designed to protect a defendant's double-jeopardy interests where the Commonwealth initially declines to prosecute him for the present offense, electing to proceed on different charges stemming from the same criminal episode." **Commonwealth v. Laird**, 988 A.2d 618, 628 (Pa. 2010) (citations omitted).

However, it is undisputed that, pursuant to Pennsylvania Rule of Appellate Procedure 302, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Moreover, this Court has long held that a defendant must normally assert a section 110 claim in a timely manner and may not wait until after the Commonwealth has presented its evidence before doing so. **See Commonwealth v. Splain**, 364 A.2d 384, 387 (Pa. Super. 1976). **See also Commonwealth v. Block**, 469 A.2d 650, 652 n.4 (Pa. Super. 1983)

- 3 -

(citations omitted) ("While it is true that the lack of a *specific* objection will not constitute a waiver of a particular basis for relief under double jeopardy, … it has also been held that a defendant cannot sit back and … then later object to the proceeding on double jeopardy grounds"). Accordingly, only claims properly presented in the trial court are preserved for appeal.

Here the trial court observed that Fisher waived this issue by failing to object either at the conclusion of the trial or at the sentencing hearing. **See** Trial Court Opinion, 4/7/21, at 2-3. Conversely, Fisher asserts that "counsel did object when the court proceeded to sentence Ms. Fisher." Appellant's Brief at 13. Fisher posits that counsel's statement to the trial court "was sufficient to serve as an objection to the court's subsequent finding of guilt [on the summary charge]." **Id**. We disagree.

At the sentencing hearing, the following transpired after the trial court imposed the sentence for the DUI conviction:

> THE CLERK: Excuse me. I have a second count here, improper -
>
> THE COURT: Oh, the improper turning would be a $25 fine and costs. Thank you.
>
> [DEFENSE COUNSEL]: Your Honor, I -- I just want to note, I'm not sure -- as far as on the court sheet it looks like -- I don't know, it doesn't look like that you ever addressed the second count.
>
> THE COURT: Well, if I didn't, the Court does find the defendant guilty of that summary offense and would impose a $25 fine and costs.
>
> [DEFENSE COUNSEL]: Okay. Thank you, Your Honor. I just wanted to note that.

N.T., 1/25/21, at 33.

Our plain reading of this excerpt between the court and defense counsel does not support Fisher's claim that counsel lodged any type of objection to the finding of guilt on the summary offense charge. Rather, we characterize defense counsel's statement as an effort to alert the trial court to the appearance that it neglected to address the outstanding summary offense charge. Moreover, after the court announced the finding of guilt and sentence, defense counsel neglected to make any objection and simply stated that she "just wanted to note that." We agree with the trial court that counsel did not raise any objection to an alleged violation of the compulsory joinder rule, which Fisher now references in her appellate brief. Because no objection was made to the trial court, the issue is waived, and the subject matter cannot be the basis of an appeal.[2]

Even if we were to address the merits of Fisher's claim, we would conclude, as did the trial court, that the issue does not entitle her to relief. As the trial court explained, "[Fisher] was not subjected to successive

_____

[2] To the extent Fisher includes a discussion challenging the sufficiency of the evidence concerning her summary offense conviction, Appellant's Brief at 16-17, we observe that such claim is waived for purposes of appeal because she did not include that specific issue in her Pa.R.A.P. 1925(b) statement. **See Commonwealth v. Lord**, 719 A.2d 306, 308 (Pa. 1998) (holding that where a trial court directs a defendant to file a concise statement pursuant to Pa.R.A.P. 1925, any issues not raised in that statement shall be waived). **See also Commonwealth v. Mattison**, 82 A.3d 386, 393 (Pa. 2013) (waiving sufficiency of the evidence challenges to particular convictions where the appellant did not raise those convictions in his Pa.R.A.P. 1925(b) statement).

prosecutions, but only one trial. … The fact that the court rendered a verdict on the summary offense at the time of sentencing does not transform [Fisher's] single criminal trial into successive prosecutions." Trial Court Opinion, 4/7/21, at 4-5. Further, there is no evidence that Fisher suffered any prejudice in the trial court's delay in announcing the verdict on the summary offense charge. *See id*. at 5. Therefore, if we had addressed this issue, we would have concluded that Fisher failed to present a meritorious claim for relief and affirmed.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/2021