J-S94033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DWAYNE ORLANDO MAYS | |
| Appellant | No. 745 MDA 2016 |

Appeal from the Judgment of Sentence April 25, 2016
in the Court of Common Pleas of Lycoming County Criminal Division
at No(s): CP-41-CR-0001107-2014

BEFORE: LAZARUS, RANSOM, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                **FILED MARCH 10, 2017**

Appellant, Dwayne Orlando Mays, appeals from the judgment of sentence entered in the Lycoming County Court of Common Pleas.[1] Appellant contends the trial court erred in denying his pre-trial motion to dismiss the charges pursuant to 18 Pa.C.S. § 110 and challenges the sufficiency of the evidence. We affirm.

The trial court summarized the facts as follows:

> A confidential informant testified that he arranged by cell phone call to meet with [Appellant] in order to purchase heroin from him, that he did meet with him on two separate occasions and did purchase heroin from him on those occasions, that he used buy money to make the

---

[*] Former Justice specially assigned to the Superior Court.

[1] We note that Appellant was previously convicted of possession with intent to deliver ("PWID") a controlled substance, conspiracy of PWID, and criminal use of a communication facility. The appeal from the December 10, 2015 judgment of sentence is docketed at no. 495 MDA 2016.

purchases and that he turned over the heroin to police after the transactions were completed. The informant testified that he was familiar with [Appellant] as they had a business history (prior purchases). A state police trooper testified that he observed [Appellant] walking into the building where the informant had arranged to meet [Appellant], shortly before the informant entered the building and then returned with the heroin. Another trooper testified that he also observed [Appellant] entering the building. Finally, it was stipulated that the substances recovered from the informant after the purchases were in fact heroin.[2]

Trial Ct. Op., 7/22/16, at 1-2.

Matthew Switzer testified to the following: He worked for Trooper Kenneth Fishel as a confidential informant ("CI") for approximately three years. N.T., 2/29/16, at 6. He was working for Trooper Fishel on March 13, 2013. *Id.* at 8. He was buying heroin from Appellant. *Id.* The CI got in touch with Appellant "through cell phone." *Id.* at 9. He "believed" the cell phone number was 916-0117. *Id.* Trooper Fishel gave the CI money to make the buy. *Id.* The Trooper watched him make the cell phone call to Appellant. *Id.* at 10. He purchased 30 or 33 bags of heroin for $300 from Appellant at 230 West Third Street. *Id*. at 11. After the transaction, he handed the drugs to Trooper Fishel. *Id.* at 12. On April 2, 2013, he met with Trooper Fishel. *Id.* The same procedure followed as for the March 13th buy. *Id.* The CI contacted Appellant with the same cell phone number. *Id.* Trooper Fishel gave $200 to Appellant for "two bundles" of heroin. *Id.* at

---

[2] *See* N.T., 2/29/16, at 3.

14. The CI met Appellant at 230 West Third Street and exchanged the money for heroin. *Id.* at 13-14.

Trooper John Wipple testified that he is employed by the "Pennsylvania State Police out of Montoursville." *Id.* at 24. He was a member of the Vice Narcotics Unit. *Id.* He was involved with the investigation of Appellant on April 2, 2013. *Id.* at 25. His role in the investigation was to assist "Trooper Fishel by conducting surveillance and security of a controlled purchase." *Id.* He took photographs of the CI "that was being utilized for the controlled purchase." *Id.* at 26.

Corporal Mitchell McMunn testified. *Id.* at 28. On April 2, 2013, he was involved with the investigation of Appellant. *Id.* at 29. His role was to provide "[s]urveillance and security for an undercover buy that Trooper Fishel had set up." *Id.* He observed Appellant "during the course of the controlled buy." *Id.* He saw Appellant go into 230 West Third Street. *Id.* at 30. He saw the CI exit Trooper Fishel's car and walk "up to the door that [Appellant] just entered." *Id.* at 31. The CI knocked on the door, went in and within 20 seconds came out and got back into the Trooper's car. *Id.*

Trooper Fishel testified that he was employed in the Vice and Narcotics Unit of Troop F Montoursville. *Id.* at 34. He was involved in the investigation of Appellant on March 13, 2013. *Id.* at 35. "During this investigation [he] conducted two controlled purchases of heroin using a [CI]". *Id.* at 36. He observed the CI make the cell phone call to Appellant

- 3 -

on March 13, 2013. *Id.* at 37. He believed the cell phone number was 570-916-0117. *Id.* at 38. After the CI made contact with Appellant, he saw Appellant enter "the doorway to 230 West Third Street . . . ." *Id.* at 39. The CI "exited [the Trooper's] vehicle and proceeded to walk to that same entrance to meet [Appellant.]" *Id.* The CI "exited the same door and walked back to [Trooper Fishel's] vehicle, giving [him] the purchased heroin . . . ." *Id.* at 40. The CI gave Trooper Fishel thirty-three bags of heroin. *Id.* at 41. The Trooper described the April 2nd controlled buy from Appellant by the CI. *Id.* at 42. The Trooper observed the CI contact Appellant at the same cell phone number. *Id*. The CI arranged to buy 20 bags of heroin for $200. *Id.*

Following a non-jury trial, Appellant was convicted of two counts of possession with intent to deliver a controlled substance,[3] two counts of possession of a controlled substance,[4] and two counts of criminal use of a communication facility.[5] Appellant was sentenced to an aggregate term of two to seven years' incarceration. N.T. Sentencing, 4/25/16 at 8-9. The sentence was to run consecutively to any sentence Appellant was presently serving. *Id.* at 9. The court found that Appellant was eligible for the

---

[3] 35 P.S. § 780-113(a)(30).

[4] 35 P.S. § 780-113(a)(16).

[5] 18 Pa.C.S. § 7512(a).

Recidivism Risk Reduction Incentive ("RRRI") program[6] and his minimum sentence was reduced to eighteen months. *Id.* This timely appeal followed. Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Appellant raises the following issues for our review:

> 1. Did the trial court erred [sic] in denying the Appellant's pre-trial motion to dismiss the charges pursuant to 18 Pa.C.S.[ ] § 110, as the charges stemmed from the same criminal episode.
>
> 2. Did the trial court erred [sic] in finding the Appellant guilty of the charge of [PWID] as the evidence was insufficient to show the Appellant possessed heroin with the intent to deliver the same on March 13, 2013.
>
> 3. Did the trial court erred [sic] in finding the Appellant guilty of the charge of [PWID] as the evidence was insufficient to show the Appellant possessed heroin with the intent to deliver the same on April 2, 2013.
>
> 4. Did the trial court erred [sic] in finding the Appellant guilty of the charge of Criminal Use of a Communication Facility as the evidence was insufficient to show the Appellant used a cell phone and the Commonwealth failed to provide evidence to show that any communication on the phone was Appellant and was for the purposes of committing a crime on March 13, 2013.
>
> 5. Did the trial court erred [sic] in finding the Appellant guilty of the charge of Criminal Use of a Communication Facility as the evidence was insufficient to show the Appellant used a cell phone and the Commonwealth failed to provide evidence to show that any communication on the phone was Appellant and was for the purposes of committing a crime on April 4, 2013.

---

[6] 61 Pa.C.S. §§ 4501-4512.

6. Did the trial court erred [sic] in finding the Appellant guilty of the charge of Possession of a Controlled Substance as the evidence was insufficient to show the Appellant possessed a controlled substance on March 13, 2013.

7. Did the trial court erred [sic] in finding the Appellant guilty of the charge of Possession of a Controlled Substance as the evidence was insufficient to show the Appellant possessed a controlled substance on March 13, 2013.

Appellant's Brief at 8-9.[7]

First, Appellant contends the trial court erred in denying his pre-trial motion pursuant to 18 Pa.C.S. § 110. He avers that the charges in the instant case are barred by the compulsory joinder rule. Appellant argues that "[i]t stands to reason that when an individual is convicted of being part of network [sic] that deals drugs from May 1, 2012, through July 2013, and then is tried for specific transactions during those dates, Section 110 should stand as a safeguard to protect a Defendant." Appellant's Brief at 18.

Since the statutory claim asserted herein is purely a matter of law, our scope of review is plenary. *Commonwealth v. Barber*, 940 A.2d 369, 376 (Pa. Super. 2007). Our standard of review is *de novo*. *Commonwealth v. Martin*, 97 A.3d 363, 364 (Pa. Super. 2014). After careful consideration of Appellant's brief,[8] the record and the opinion of the Honorable Marc F.

---

[7] We note the typographical error in the recitation of the date in issue five.

[8] The Commonwealth did not file a brief.

- 6 -

Lovecchio, we affirm the denial of the pre-trial motion to dismiss on the basis of the trial court's decision. *See* Trial Ct. Op., 12/24/15, at 1-6.

Next, Appellant contends the evidence was insufficient to sustain the guilty verdict on the charges of PWID, possession of a controlled substance, and criminal use of a communication facility on March 13, 2013 and April 2, 2013. We address Appellant's issues together because they are interrelated.

Appellant argues that

> [f]actors to consider in determining whether the drugs were possessed with the intent to deliver include the particular method of packaging, the form of the drug, and the behavior of the defendant. In the instant matter, the Appellant submits that the Commonwealth has failed to establish these facts, as no evidence was offered as to the method of packaging being consistent with the type the Appellant may have distributed. Furthermore, no evidence was offered as to the behavior of the Appellant, as no one observed the Appellant.

Appellant's Brief at 20 (citation omitted).

Appellant claims the evidence was insufficient to sustain his conviction for possession of a controlled substance. He contends that

> [i]n the instant matter the Commonwealth failed to link the accused to the crime, insomuch as no testimony was presented that any individual officer witnessed the Appellant possessing anything. No testimony was offered that any of the drugs or their packaging were finger printed to match the appellant. No evidence of photographs, videos or the like was admitted that depicted the Appellant possessing the same.

*Id.* at 21.

Appellant contends the evidence was insufficient to sustain his guilty verdict on the charges of criminal use of a communication facility because

> [t]he Commonwealth did not introduce evidence that the phone was registered to, belonged to, or was utilized by [Appellant]. The Commonwealth did not introduce recordings of the call. The Commonwealth did not introduce evidence that the calls were made on a speaker phone. The Commonwealth did not introduce evidence that the Appellant was the individual on the phone.

*Id.* at 23. We find no relief is due.

Our review is governed by the following principles:

> The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Ratsamy*, 934 A.2d 1233, 1236 n.2 (Pa. 2007) (citation omitted). Furthermore,

> [T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction . . . does not require a court to ask itself whether **it** believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, it must determine simply whether the evidence believed by the fact-finder was sufficient to support the verdict.

*Id.* at 1235-36 (quotation marks and citation omitted).

In ***Commonwealth v. Little***, 879 A.2d 293 (Pa. Super. 2005), this Court

> consider[ed] whether the Commonwealth presented sufficient evidence to sustain [the defendant's] conviction for possession with intent to deliver. Section 780-113(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act prohibits the following acts:
>
> > [T]he manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.
>
> 35 [Pa.C.S.] § 780-113(a)(30). The Commonwealth establishes the offense of possession with intent to deliver when it proves beyond a reasonable doubt that the defendant possessed a controlled substance with the intent to deliver it.

*Id.* at 297 (some citations omitted).

> If the contraband is not found on the appellant's person, the Commonwealth must prove that the appellant had constructive possession of the contraband, which has been defined as the ability and intent to exercise control over the substance. The Commonwealth may establish constructive possession through the totality of the circumstances.

*Commonwealth v. Estepp*, 17 A.3d 939, 944 (Pa. Super. 2011) (citations

and quotation marks omitted).

The Crimes Code defines possession of a controlled substance as

follows:

> (16) Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

35 Pa.C.S. § 780-113(a)(16).

Criminal use of a communication facility is defined as follows:

> **(a) Offense defined.**—A person commits a felony of the third degree if that person uses a communication facility to commit, cause or facilitate the commission or the attempt thereof of any crime which constitutes a felony under this title or under the act of April 14, 1972 (P.L. 233, No. 64),1 known as The Controlled Substance, Drug, Device and Cosmetic Act. Every instance where the communication facility is utilized constitutes a separate offense under this section.
>
>        \*     \*     \*
>
> **(c) Definition.**—As used in this section, the term "communication facility" means a public or private instrumentality used or useful in the transmission of signs, signals, writing, images, sounds, data or intelligence of any nature transmitted in whole or in part, including, but not limited to, telephone, wire, radio, electromagnetic, photoelectronic or photo-optical systems or the mail.

18 Pa.C.S. § 7512(a), (c).

In ***Commonwealth v. Moss***, 852 A.2d 374 (Pa. Super. 2004), this Court found the evidence was sufficient to support a conviction for criminal use of a communications facility where the CI spoke to the defendant on the telephone and the conversations led to a controlled buy between the defendant and the CI. *Id*. at 382-83.

In the instant case, the trial court found that "[a] review of the evidence presented at trial shows that the evidence was sufficient to support the conviction." Trial Ct. Op., 7/22/16, at 1. We agree no relief is due. The evidence adduced at trial established that the CI testified that he had prior dealings with Appellant. The CI arranged *via* telephone to make controlled buys from Appellant. ***See*** 18 Pa.C.S. § 7512(a), (c); ***Moss***, 852 A.2d at 382-83. On March 13, 2013, the trooper watched the CI make the phone call. The CI purchased heroin from Appellant and after the transaction, handed the drugs to Trooper Fishel. ***See*** 35 P.S. § 780-113(a)(16), (30); ***Estepp***, 17 A.3d at 944; ***Little***, 879 A.2d at 297.

On April 2, 2013, the CI again met with Trooper Fishel and the same procedure followed. Trooper Fishel testified to the same facts. Corporal McMunn testified that he conducted the surveillance for the April 2, 2016 buy. He saw Appellant go into 230 West Third Street, saw the CI exit the Trooper's car and go into the premises that Appellant had just entered. He saw the CI exit the building a return to Trooper Fishel's car. ***See*** 35 P.S. § 780-113(a)(16), (30); ***Estepp***, 17 A.3d at 944; ***Little***, 879 A.2d at 297.

Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, the evidence established at trial was sufficient to sustain Appellant's convictions for PWID, possession of a controlled substance, and criminal use of a communication facility. **See Ratsamy**, 934 A.2d at 1235-36.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2017