J-S07036-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREGORY MARK DUNBAR | : | |
| | : | |
| Appellant | : | No. 1158 MDA 2023 |

Appeal from the Order Entered July 26, 2023
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0000873-2020

MEMORANDUM PER CURIAM.:                **FILED: MARCH 13, 2024**

Appellant, Gregory Mark Dunbar, appeals, *pro se*, from the July 26, 2023 order denying his June 2, 2023 motion seeking to dismiss a prosecution against him on double jeopardy grounds.  Also before this Court is an "Application for Relief and Writ of Habeas Corpus Relief" (Application) filed in this Court on September 5, 2023.  We affirm the July 26, 2023 order and dismiss the Application.

Our review of the record reveals that, on December 2, 2019, a criminal complaint was filed charging Appellant with nine counts of retaliation against prosecutor or judicial official[1] and one count of barratry[2] related, *inter alia*, to his filing of private criminal complaints with the Dauphin County District Attorney's Office against nine Commonwealth Court judges based upon his

---

[1] 18 Pa.C.S. § 4953.1(a).

[2] 18 Pa.C.S. § 5109.

disagreement with a ruling by that court. Following a preliminary hearing before a magisterial district judge on February 3, 2020, the charges were dismissed. The Commonwealth then refiled the charges on February 10, 2021. A preliminary hearing was held on February 21, 2020 before the president judge of the trial court, and the charges were bound over for trial.

Appellant has filed numerous motions in the trial court,[3] including the June 2, 2023 "Motion to Dismiss/Motion to Strike for Want of Subject Matter Jurisdiction/Double Jeopardy" at issue in this appeal. On July 26, 2023, the trial court filed an order denying this motion. Appellant filed a timely appeal from the trial court's order.

Appellant raises the following issue on appeal:

Do[es] jeopardy attach to bad faith and prosecutor overreaching conduct and indirect contempt of a valid Pa.R.Crim.P. rule 543 discharge from custody order in same case, by a member of the Unified Judicial System?

Appellant's Brief at 4. As best can be discerned, Appellant argues that his double jeopardy rights were violated when the charges against him were dismissed by a magisterial district judge after the February 3, 2020 preliminary hearing and Appellant was then discharged pursuant to Pa.R.Crim.P. 543(B). Appellant contends that the Commonwealth did not comply with Pa.R.Crim.P. 544 and Pa.R.Crim.P. 132 when it then brought the

_____

[3] According to the trial court, Appellant had filed 34 motions as of the date that the Pa.R.A.P. 1925(a) opinion was prepared. Trial Court Opinion, 10/3/23, at 1.

charges before the president judge of the trial court without filing a motion to allow a different issuing authority to conduct the preliminary hearing.

Prior to reaching the merits of Appellant's argument, we first must address the appealability of the July 26, 2023 order. Both the trial court and the Commonwealth maintain that this order is a non-final, interlocutory order, which was not appealable as of right and which could not otherwise be appealed because permission was not sought from the trial court or this Court.[4] Trial Court Opinion, 10/3/23, at 1-2; Commonwealth's Brief at 4-6; *see also* 42 Pa.C.S. § 702(b); Pa.R.A.P. 311, 312, 341, 1311. Therefore, the lower court and Commonwealth request that this appeal be dismissed or quashed. Trial Court Opinion, 10/3/23, at 2; Commonwealth's Brief at 6.

While the trial court and Commonwealth are correct that the July 26, 2023 order is not final and would not be appealable as an interlocutory order by right or by permission, an order denying a pre-trial motion to dismiss on double jeopardy grounds that makes no finding that the motion is frivolous is immediately appealable as a collateral order. *See Commonwealth v. Gross*, 232 A.3d 819, 833 (Pa. Super. 2020) (*en banc*); Pa.R.A.P. 313, Comment; *see also Commonwealth v. Davis*, 242 A.3d 923, 928-29 (Pa. Super. 2020) (order denying motion to dismiss based upon Commonwealth's alleged

_____

[4] The trial court noted in its opinion that Appellant's jury trial on the aforementioned charges was scheduled to begin on October 30, 2023, but was continued pending the resolution of this appeal. Trial Court Opinion, 10/3/23, at 1.

violation of Pa.R.Crim.P. 544 when refiling charges, which implicates double jeopardy principles, was a collateral order appealable under Pa.R.A.P. 313). Here, the trial court did not make a finding that Appellant's June 2, 2023 motion to dismiss was frivolous and therefore this appeal is properly before this Court as taken from a collateral order.[5] However, although Appellant raised additional grounds for seeking the dismissal of the charges against him in his June 2, 2023 motion—including absence of jurisdiction, res judicata, and violation of his due process rights—we do not address these other grounds as we discern no separate basis for finding that the lower court's July 26, 2023 order was immediately appealable.

An appeal based on double jeopardy grounds presents a question of constitutional law. *Gross*, 232 A.3d at 835; *Commonwealth v. Byrd*, 209 A.3d 351, 353 (Pa. Super. 2019). Accordingly, our standard of review is *de*

_____

[5] We note that no hearing was held on Appellant's June 2, 2023 motion, notwithstanding the requirement of Pennsylvania Rule of Criminal Procedure 587 that the trial court schedule a hearing on any motion to dismiss on double jeopardy grounds and make findings of fact at the conclusion of the hearing concerning the double jeopardy claim. Pa.R.Crim.P. 587(b)(2)-(3). While the trial court did not comply with this procedure, Appellant did not raise non-compliance with the Rule 587 procedure in the trial court or in this appeal, and therefore the issue is waived. *Gross*, 232 A.3d at 833 n.1; Pa.R.A.P. 302(a). In any event, we would find that Appellant was not prejudiced by the failure to comply with Rule 587 as Appellant raised his argument regarding the alleged improper procedure concerning the refiling of the charges against him in multiple prior motions under multiple different legal theories, and the trial court had addressed the issue at several prior hearings and in an earlier order. Order, 5/15/23; N.T., 2/21/20, at 3-6; N.T., 11/12/20, at 6-10; N.T., 1/25/21, 2-6; N.T., 11/15/21, at 3-7; N.T., 8/29/22, at 18-22.

*novo*, and our scope of review is plenary. ***Gross***, 232 A.3d at 835; ***Byrd***, 209 A.3d at 353.

"The Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and Article 1, § 10 of the Pennsylvania Constitution protect a defendant from repeated criminal prosecutions for the same offense." ***Byrd***, 209 A.3d at 353 (citation omitted). "At the heart of double jeopardy jurisprudence is the requirement that an individual demonstrate he has been subjected to the risk of a trial on the merits." ***Commonwealth v. Martin***, 97 A.3d 363, 365 (Pa. Super. 2014) (citation omitted) (cleaned up).

"Under Pennsylvania law, jeopardy attaches when the jury is sworn or, in a bench trial, when the trial court begins to hear evidence." ***Commonwealth v. Jones***, 676 A.2d 251, 253 (Pa. Super. 1996); ***see also Martin***, 97 A.3d at 365. Our Supreme Court has explained that "[d]ismissal of charges and discharge of the accused for failure to establish a *prima facie* case at the preliminary hearing is an interlocutory order, which does not implicate double jeopardy concerns." ***Commonwealth v. McClelland***, 233 A.3d 717, 736 n.11 (Pa. 2020) (citing ***Commonwealth v. La Belle***, 612 A.2d 418, 420 (Pa. 1992), and ***Liciaga v. Court of Common Pleas of Lehigh County***, 566 A.2d 246, 249-50 (Pa. 1989)); ***see also Commonwealth v. Burke***, 261 A.3d 548, 551 (Pa. Super. 2021)).

Therefore, the Commonwealth's decision to refile charges against Appellant on February 10, 2021, after the dismissal of those charges one week prior did not implicate Appellant's due process rights. ***See McClelland***, 233

A.3d at 736 n.11 (upholding order "discharg[ing] appellant without prejudice to the Commonwealth to refile charges and proceed with a new preliminary hearing"); *accord La Belle*, 612 A.2d at 420; *Liciaga*, 566 A.2d at 249-50. Refiling was permitted regardless of whether the Commonwealth presented new evidence at the second preliminary hearing. *Commonwealth v. Pettersen*, 49 A.3d 903, 910 (Pa. Super. 2012); *Commonwealth v. Carbo*, 822 A.2d 60, 67 (Pa. Super. 2003) (*en banc*), *abrogated on other grounds by Commonwealth v. Dantzler*, 135 A.3d 1109 (Pa. Super. 2016) (*en banc*). We additionally note that the refiling against Appellant does not run afoul of the statute of limitations applicable to Appellant's offenses. *Pettersen*, 49 A.3d at 910 (refiling of charges must be done prior to expiration of statute of limitations); 42 Pa.C.S. § 5552(a) (offenses at issue are subject to general rule that prosecution must be commenced within two years after they were committed); Criminal Complaint, 2/10/20 (stating that charges related to conduct occurring between September 3, 2019, and February 5, 2020); Information, 9/1/20 (same).

In *Davis*, this Court observed that the failure to comply with Rule of Criminal Procedure 544, which sets forth the procedure for reinstituting charges following withdrawal or dismissal, may implicate double jeopardy principles and provide a basis for relief in the form of dismissal of refiled charges. *Davis*, 242 A.3d at 928-29. Pursuant to Rule 544, the Commonwealth may reinstitute charges before the same issuing authority who the charges were before initially or file a motion with the president judge

of the judicial district requesting that a different issuing authority be assigned for a new preliminary hearing. Pa.R.Crim.P. 544; *see also* Pa.R.Crim.P. 132 (procedure for temporary assignment of issuing authorities). Here, the second preliminary hearing occurred before the president judge of the trial court rather than the magisterial district judge who presided over the first preliminary hearing, *Davis*, 242 A.3d at 931-34 (stating that an "issuing authority" under Rule 544 refers to the specific magistrate who dismissed or permitted the withdrawal of the charges or conducted a preliminary hearing), and the record does not indicate that the Commonwealth filed a motion requesting the reassignment. *Id.* at 934 (filing of criminal complaint before different magisterial district judge than who had originally dismissed charges without seeking reassignment under Rule 544(B) violated the rule).

However, even assuming a violation of Rule 544, Appellant is not entitled to relief. A defendant will only be entitled to relief based upon a violation of Rule 544 if

> he challenges the re-filing of previously dismissed charges before the conclusion of the trial and when: 1) the re-filing of charges occurs after the expiration of the statute of limitations; or 2) when the re-filing of charges constitutes an effort to harass the defendant; or 3) where the re-filing of charges is prejudicial to the rights of the defendant.

*Id.* at 934 (quoting *Pettersen*, 49 A.3d at 911) (cleaned up). As discussed above, the charges were refiled prior to the expiration of the applicable statute of limitations. Furthermore, Appellant has failed to demonstrate that the refiling of charges here prejudiced him. Appellant's only assertion of any

prejudice relates to the fact that the affidavit of probable cause supporting the original complaint incorrectly stated that prison authorities found Appellant to be in possession of pornography and he was punished therefor by the Department of Corrections.[6]  Petition for Appointment of New Counsel and Motion to Dismiss, 6/9/20, Exhibit 1 (Dec. 2, 2019 Affidavit of Probable Cause).  The attesting officer explained at the February 21, 2020 preliminary hearing that this information was discovered to be erroneous and corrected prior to the first preliminary hearing on February 3, 2020.  N.T., 2/21/20, at 25-26.  Thus, this incorrect assertion that Appellant possessed pornography—which is of minimal, if any, relevance to the issue of whether the Commonwealth presented *prima facie* evidence that Appellant committed the offenses of retaliation against prosecutor or judicial official and barratry—did not play a role in either of Appellant's preliminary hearings.  Finally, beyond Appellant's bald claim that the Commonwealth "harass[ed]" him by refiling the charges, Appellant's Brief at 7, Appellant has not presented any basis for this Court to conclude that the Commonwealth's actions here were intended to harass him or had an effect of harassment.  Therefore, we cannot find that Appellant would be entitled to relief based upon a violation of Rule 544.

---

[6] In the ruling that allegedly led to Appellant submitting the private criminal complaints against the Commonwealth Court judges, that court dismissed Appellant's petition for review challenging the Department of Corrections' regulation prohibiting inmates from possessing materials containing nudity and sexually explicit content.  ***Dunbar v. Wetzel***, No. 484 M.D. 2018 (Pa. Cmwlth., filed July 10, 2019) (*per curiam* memorandum opinion).

Finally, we dismiss the Application pending in this Court as Appellant simply reiterates in it his challenge to the Commonwealth's refiling the charges against him, which we have addressed *supra*. Furthermore, to the extent he pleads a writ of habeas corpus in the Application, he may not initiate such an action in this Court. *See* Pa.R.Crim.P. 108 (discussing proper venue for a petition for writ of habeas corpus).

Order affirmed. Application dismissed. Jurisdiction relinquished.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 03/13/2024