**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOHN MCDEVITT | : | No. 2202 EDA 2023 |

Appeal from the Order Entered August 16, 2023
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0002315-2021

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED SEPTEMBER 25, 2024**

The Commonwealth appeals from the order transferring six of the twelve charges against Appellee John McDevitt from the Court of Common Pleas of Bucks County to the Court of Common Pleas of Philadelphia County.  The Commonwealth contends that Appellee waived any venue challenges because Appellee raised his venue claims after the Commonwealth completed its case-in-chief before the trial judge in a bench trial.  After careful review, we reverse the trial court's order and remand for further proceedings.

By way of background, on January 21, 2021, the Lower Southampton Township Police Department filed a criminal complaint against Appellee alleging that Appellee had engaged in a series of fraudulent business practices through his business, McDevitt Construction & Design.  Therein, Detective

_____

[*] Retired Senior Judge assigned to the Superior Court.

Stephen Brookes described several individuals with whom Appellee allegedly entered into home improvement contracts, including residents of both Bucks County and Philadelphia County. In two such instances, it was alleged that Appellee entered into contracts with Lisa Mast and Farrah Robinson for work to be performed at properties located in Philadelphia County. Appellee also allegedly entered into a contract with Michael Benningfield to perform work at a property located in Philadelphia County; however, Mr. Benningfield is a resident of Bucks County. Additionally, the Commonwealth alleged that Appellee entered into a contract with Yuri Davydov and Rakhmin Drits for work to be performed at a property located in Bucks County. On July 8, 2021, the Commonwealth filed the following charges against Appellee in the Court of Common Pleas of Bucks County: four counts each of home improvement fraud (receives advance payment for services and fails to perform), theft by deception-false impression, deceptive business practices, and receiving stolen property.[1]

On April 20, 2022, Appellee entered a negotiated guilty plea. However, the trial court subsequently granted Appellee's motion to withdraw his guilty plea. Appellee waived his right to a jury trial, and a bench trial was conducted in the Bucks County Court of Common Pleas. The trial court explained:

> At the conclusion of the Commonwealth's case-in-chief, [Appellee] made an oral motion for judgment of acquittal on all charges, and specifically asserted what [Appellee's] counsel labeled as a motion

_____

[1] 73 P.S. § 517.8(a)(2); 18 Pa.C.S. §§ 3922(a)(1), 4107(a)(2), and 3925(a), respectively.

- 2 -

for judgment of acquittal due to lack of venue as to two of the victims—Ms. Mast and Ms. Robinson. [The trial court] denied the general motion for judgment of acquittal as to all four victims named in the criminal information, whereupon [Appellee] made a motion to reconsider the venue issue.

On March 27, 2023, the Commonwealth filed a written response to [Appellee's] oral motion for judgment of acquittal as to venue in regard to Ms. Mast and Ms. Robinson. [Appellee] also filed a written reply in support of [his] venue arguments. On August 16, 2023, oral argument was heard as to venue, and [Appellee's] venue challenge was granted as to Counts 1, 2, 5, 6, 9, and 10 of Criminal Information CP-09-CR-0002315-2021. The charges enumerated and described in Counts 1, 2, 5, 6, 9, and 10 of Criminal Information CP-09-CR-0002315-2021 were transferred to Philadelphia County . . . by order dated August 16, 2023.

On the same date, [Appellee] was found guilty of all of the remaining charges before the [trial] court. Sentencing was deferred for 90 days pending the completion of a comprehensive pre-sentence investigation report.

Trial Ct. Op., 11/2/23, at 3-4 (footnotes omitted and formatting altered).

The Commonwealth filed a timely notice of appeal[2] and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court filed an opinion addressing the Commonwealth's claim.

On appeal, the Commonwealth raises the following question for our review:

Did the trial court err in failing to find that Appellee waived any challenge to venue by failing to raise it [in an] omnibus pretrial motion timely to the alleged error?

_____

[2] The trial court did not impose a judgment of sentence for the offenses of which Appellee was convicted. The instant appeal is an interlocutory appeal as of right from an order changing venue in a criminal proceeding. *See* Pa.R.A.P. 311(a)(3).

Commonwealth's Brief at 4 (formatting omitted).

In its sole issue, the Commonwealth contends that the trial court erred in granting Appellee's challenge to venue. *Id.* at 8. Specifically, the Commonwealth argues that Appellee waived this claim by failing to include the issue in a timely filed omnibus pretrial motion, instead raising the claim after the Commonwealth concluded its case-in-chief at trial. *Id.*

Appellee responds that a locus challenge under the Sixth Amendment to the United States Constitution is not waived when raised for the first time at trial, as compared to an omnibus pretrial motion. Appellee's Brief at 26-34. Alternatively, Appellee argues that even if the trial court erred by addressing an issue that has been waived, the Commonwealth failed to establish that the trial court's error constitutes reversible error. *Id.* at 34. Appellee further argues that this Court should "reject the Commonwealth's efforts to elevate contested procedural issues over the more important substantive issue and find that the trial court may address the issue voluntarily even if it was not" timely raised. *Id.* at 38-39.

We begin with our standard of review. "The standard of review for [an order granting] a motion for change of venue is whether there has been an abuse of discretion on the part of the trial judge." *Commonwealth v. Devries*, 112 A.3d 663, 666 (Pa. Super. 2015) (citation omitted). "Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of

partiality, prejudice, bias or ill-will." ***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013) (citations omitted).

The comment to Rule 578 of the Pennsylvania Rules of Criminal Procedure identifies change of venue and venire as a type of relief appropriate for an omnibus pretrial motion. Pa.R.Crim.P. 578, cmt.

> Except as otherwise provided in these rules, the omnibus pretrial motion for relief shall be filed and served within 30 days after arraignment, unless opportunity therefor did not exist, or the defendant or defense attorney, or the attorney for the Commonwealth, was not aware of the grounds for the motion, or unless the time for filing has been extended by the court for cause shown.

Pa.R.Crim.P. 579(A).

Our research has not yielded case law directly analogous to the instant appeal. In the context of an untimely omnibus pretrial motion to suppress evidence, this Court has held that a trial court does not abuse its discretion when it denies defense attempts to raise issues set forth in an untimely motion where a defendant could have raised those issues in a timely motion. ***See Commonwealth v. Westlake***, 295 A.3d 1281, 1288 (Pa. Super. 2023). (holding that the defendant was not entitled to relief when the trial court denied an untimely second pretrial motion to suppress which alleged that police improperly extended the traffic stop because defense had sufficient knowledge to timely address this issue in its initial pretrial omnibus motion.) However, in ***Commonwealth v. Baez***, 21 A.3d 1280 (Pa. Super. 2011), this Court considered a Commonwealth appeal from a trial court order granting a

defendant's pretrial motion to suppress evidence. On appeal, the Commonwealth contended that the trial court erred when it granted the defendant leave to file an omnibus pretrial motion outside of the 30-day period prescribed by Rule 579. *Baez*, 21 A.3d at 1282. The *Baez* Court concluded that the Commonwealth's argument failed, as it did not claim or argue that it was prejudiced by the delay in filing the pretrial motion to suppress. *Id.*

In the instant case, the trial court reached the following conclusion:

[The trial court was] presented with the threshold venue issue of the timeliness of [Appellee's] venue challenge. As discussed during oral argument on August 16, 2023, the [Commonwealth] argues that a venue challenge must be raised in an omnibus pretrial motion, or it is effectively waived. This argument, while perhaps logically appealing, lacks merit pursuant to decisional law. [The trial court] found persuasive the recent Superior Court decision, *Commonwealth v. Schlegel*, [1605 EDA 2020, 2021 WL 4933003 (Pa. Super. filed Oct. 22, 2021) (unpublished mem.)[3]]. In *Schlegel*, the Superior Court clearly delineated that venue challenges can be raised before or **during the trial** (emphasis added). [*Id.*, 2021 WL 4933003 at *3]. [The Commonwealth] relies on an earlier Superior Court decision, *Commonwealth v. Caulk*, 220 A.3d 1102, 1112 (Pa. Super. 2019), which found that venue challenges are waived if not raised in an omnibus pretrial motion. The *Caulk* decision references a comment to Pennsylvania Rule of Criminal Procedure 578, which states that venue challenges are permitted; indeed, are encouraged but are not mandated to be raised in an omnibus pretrial motion. *Id.* at 1112. However, the Superior Court's recent decision in *Schlegel* arguably comports with other language of the Comment to Pennsylvania Rule of Criminal Procedure [578], which states as follows:

The omnibus pretrial motion rule is not intended to limit other types of motions, oral or written, made pretrial or

---

[3] Unpublished memoranda filed in this Court after May 1, 2019 may be cited for persuasive value. Pa.R.A.P. 126(b).

during trial, including those traditionally called motions *in limine*, which may affect the admissibility of evidence or the resolution of other matters.

Pa.R.Crim.P. 578, Comment.

In the instant case, [Appellee] raised a venue challenge as to two victims, Lisa Mast and Farrah Robinson, during trial, at the conclusion of the Commonwealth's case. As [Appellee] raised the venue challenge during trial, the Superior Court's most recent decision in ***Schlegel*** dictates that the venue challenge was procedurally proper. Accordingly, the venue challenge was not waived by [Appellee].

Trial Ct. Op., 11/2/23, at 9-11 (footnotes and some citations omitted and formatting altered).

Both the trial court and Appellee cite this Court's non-precedential decision in ***Schlegel***. In ***Schlegel***, the defendant appealed from a judgment of sentence and, for the first time in a post-sentence motion, alleged that venue in Pike County was improper—specifically alleging that the incident at issue occurred in Wayne County. ***Schlegel***, 2021 WL 4933003 at *3. The ***Schlegel*** Court reached the following conclusion:

[The defendant] clearly had access to enough information to raise a venue challenge before the trial began, and [the defendant] should have done so either before or during trial. Instead, [the defendant] waited until the trial was over and his guilt was established to raise a claim of improper venue. Because [the defendant] never made a timely objection regarding venue, the venue issue has been waived.

***Id.*** (citations omitted).

Appellee argues that ***Schlegel*** permits a defendant to raise a venue challenge during trial. Appellee's Brief at 21 (citing ***Schlegel***, 2021 WL

4933033 at *3). In response, in its reply brief, the Commonwealth argues that:

> it would be absurd for trial courts to entertain constitutional motions to suppress evidence throughout the course of a trial when a defendant has utterly failed to raise any of those concerns pretrial with no explanations as to why. This is exactly the type of practice that our rules of procedure preclude, and it is no different in the context of a venue challenge, regardless of whether that challenge is rooted in the Sixth Amendment or some other area of venue law.

Commonwealth's Reply Brief at 3.

As noted above, the trial court concludes that **Schlegel** "dictates that [Appellee's] venue challenge was procedurally proper." Trial Ct. Op. at 11. On this record, we conclude that the trial court erred in its application of the **Schlegel** Court's analysis.

Instantly, the affidavit of probable cause indicated that Lisa Mast and Farrah Robinson had contracted with Appellee to perform construction work and that the work pertaining to both contracts was to be performed in Philadelphia County. **See** Aff. of Probable Cause, 1/21/21, at 3-5. The bill of information indicates that the Commonwealth filed charges against Appellee in the Court of Common Pleas of Bucks County for conduct related to the contracts entered with Ms. Mast and Ms. Robinson. **See** Information, 7/8/21, at 1-3, Cts. 1, 2, 5, 6, 9, 10. **See Schlegel**, 2021 WL 4933003 at *3.

In **Schlegel**, the defendant presented his venue challenges in a post-sentence motion after being convicted and sentenced. This Court in **Schlegel** held:

- 8 -

Because [the defendant] never sought dismissal of his case on grounds of improper venue before or during his trial, the Commonwealth had no burden to prove venue. Here, [the defendant] testified at trial that the entire event occurred in Wayne County and not Pike County . . . . Therefore, [the defendant] and his defense team clearly had access to enough information to raise a venue challenge before the trial began, and [the defendant] should have done so either before or during trial. Instead, [the defendant] waited until the trial was over and his guilt was established to raise a claim of improper venue. Because [the defendant] never made a timely objection regarding venue, the venue issue has been waived. ***See Commonwealth v. Baumhammers***, 960 A.2d 59, 63 (Pa. 2008) (holding issues are not preserved solely by raising them at "at any time during the lower court proceedings" but rather by objections "made timely to the error").

***Id.*** at *3 (some citations omitted).[4]

Further, the Commonwealth in the instant case argues that jeopardy has attached, as Appellee has already been tried by the Bucks County trial court for the events alleged to have occurred in Philadelphia County.[5] Commonwealth's Brief at 13. The Commonwealth specifically argues that the

---

[4] While ***Schlegel*** may be cited for its persuasive authority, we note that it is non-precedential. ***See*** Pa.R.A.P. 126(b). Additionally, we note that ***Schlegel*** and the instant case are nearly identical in their procedural posture. Similar to the defendant in ***Schlegel***, who raised his venue challenge in a post-sentence motion, Appellee waited until the Commonwealth completed its case-in-chief and had presented all of its evidence, including witness testimony. The record reflects that Appellee possessed sufficient knowledge to raise a venue challenge in a timely manner pursuant to Pa.R.Crim.P. 578.

[5] The ***Schlegel*** Court determined that the trial court did not abuse its discretion when it denied the defendant's motion for change of venue in a post-sentence motion; therefore, double jeopardy was not addressed. ***See generally Schlegel***, 2021 WL 4933003.

trial court's order may "raise questions about Philadelphia County's ability to retry Appellee on those charges pursuant to double jeopardy." *Id.*

In response, Appellee states that the Commonwealth "tries to confuse things with a reference to double-jeopardy principles." Appellee's Brief at 23. Appellee further contends that double jeopardy is not an issue in the instant case, and that upon transfer to Philadelphia County, he will not claim that double jeopardy would bar any further proceedings. *Id.* at 24.

In the context of a bench trial, jeopardy attaches when the trial court begins hearing evidence. *Commonwealth v. Martin*, 97 A.3d 363, 365 (Pa. Super. 2014). It is well settled that both the United States and Pennsylvania Constitutions prohibit double jeopardy. U.S. Const. amend. V; Pa. Const. Art. I, § 10. This Court has explained the prohibition against double jeopardy as follows:

> [A]s the Pennsylvania Supreme Court has held, Pennsylvania's Double Jeopardy Clause "involves the same meaning, purpose, and end [as the Double Jeopardy Clause in the United States Constitution], thus, [Pennsylvania's clause] has generally been construed as coextensive with its federal counterpart." *Commonwealth v. McGee*, 744 A.2d 754, 756 n.2 (Pa. 2000) (internal quotations and citations omitted); *see also Commonwealth v. Fletcher*, 861 A.2d 898, 912 (Pa. 2004) ("the double jeopardy protections afforded by the United States and Pennsylvania [c]onstitutions are coextensive").
>
> "The Double Jeopardy Clause embodies three protections: [i]t protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *Commonwealth v. Kemmerer*, 584 A.2d 940, 942 n.4 (Pa. 1991) (internal quotations and citations omitted); *see also Monge v. California*,

524 U.S. 721, 727-28 (1998). In the context of successive prosecutions:

> The constitutional prohibition against "double jeopardy" was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense. The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

***Serfass v. United States***, 420 U.S. 377, 387-88 (1975) (internal quotations, citations, and corrections omitted).

Thus, under the Double Jeopardy Clause, "once a defendant is placed in jeopardy for an offense, and jeopardy terminates with respect to that offense, the defendant may neither be tried nor punished a second time for the same offense." ***Commonwealth v. Constant***, 925 A.2d 810, 815 (Pa. Super. 2007). . . .

Moreover, "because jeopardy attaches before the judgment becomes final, the constitutional protection also embraces the defendant's 'valued right to have his trial completed by a particular tribunal.'" ***Arizona v. Washington***, 434 U.S. 497, 503 (1978). As the United States Supreme Court has explained:

> The reasons why this "valued right" merits constitutional protection are worthy of repetition. **Even if the first trial is not completed, a second prosecution may be grossly unfair**. It increases the financial and emotional burden on the accused, prolongs the period in which he is stigmatized by an unresolved accusation of wrongdoing, and may even enhance the risk that an innocent defendant may be convicted. The danger of such unfairness to the defendant exists whenever a trial is aborted before it is completed. **Consequently, as a general rule, the prosecutor is entitled to one, and only one, opportunity to require an accused to stand trial**.

***Id.*** at 503-05 (internal footnotes omitted).

> Notwithstanding the above right, the Double Jeopardy Clause "does not offer a guarantee to the defendant that the State will vindicate its societal interest in the enforcement of the criminal laws in one proceeding." ***Oregon v. Kennedy***, 456 U.S. 667, 672 (1982). "If the law were otherwise, the purpose of the law to protect society from those guilty of crimes frequently would be frustrated by denying courts power to put the defendant to trial again." ***Id.*** (internal quotations and citations omitted).

***Commonwealth v. Hallman***, 67 A.3d 1256, 1260-61 (Pa. Super. 2013) (footnote omitted and emphases added).

On this record, we conclude that the trial court abused its discretion when it granted Appellee's motion to transfer venue at the conclusion of the Commonwealth's case-in-chief in which it presented all of its evidence, including witness testimony at the bench trial because jeopardy attached when the trial court began to hear evidence. ***See Clay***, 64 A.3d at 1055; ***Devries***, 112 A.3d at 666.

The precedential law in Pennsylvania is clear that, "[i]n a criminal jury trial, jeopardy attaches when the jury is sworn. **In a bench trial, however, jeopardy attaches when the trial court begins to hear the evidence**." ***Commonwealth v. Ortega***, 995 A.2d 879, 887 (Pa. Super. 2010) (emphasis added) (citing ***Commonwealth v. Micklos***, 672 A.2d 796, 799 (Pa. Super. 1996) (internal citation omitted)). ***See also Martin***, 97 A.3d at 365; ***Hallman***, 67 A.3d at 1260-61.

Accordingly, the Commonwealth has established that Appellee's untimely motion challenging venue prejudiced the Commonwealth which would force it to attempt to retry certain charges in Philadelphia County, where

it would undoubtedly confront double jeopardy challenges. *See Baez*, 21 A.3d at 1282. We, therefore, hold that because Appellee had access to enough information to raise a venue challenge within thirty days of arraignment and the Commonwealth has established that granting Appellee relief as the result of an untimely motion would result in prejudice, the trial court abused its discretion when it granted Appellee's motion challenging venue, as Appellee waived the issue. *See Schlegel*, 2021 WL 4933033 at *3. We reverse the trial court's order transferring venue from Bucks County to Philadelphia County for Counts 1, 2, 5, 6, 9, and 10 of Criminal Information CP-09-CR-0002315-2021 and remand for further proceedings consistent with this memorandum.[6]

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

---

[6] On July 22, 2024, counsel for Appellee, Robert M. Gamburg, Esq., filed with this Court a petition for leave to withdraw as counsel, stating that Appellee seeks to terminate Attorney Gamburg's representation. *See* Petition for Leave to Withdraw as Counsel, 7/22/24, at unnumbered page 1. Attorney Gamburg's petition is DENIED without prejudice to re-file after Appellee's rights to seek reargument before this Court and/or a petition for allowance of appeal with our Supreme Court are preserved.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: 9/25/2024